## HARRISON v BOARD OF EDUCATION OF CLEVELAND SCHOOL DIST

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16923. Decided July 18, 1938

46

that he has been a teacher in the Cleveland schools since 1903 and is now so employed; that as such he is a member of the State Teachers Retirement System; that Charles H. Lake is Superintendent of Schools and the other individual defendants constitute the Board of Education of Cleveland School District.

Plaintiff further alleges that on April 11, 1938, the Board of Education adopted resolution No. 22338, which reads as follows:

"Be it resolved that the Board of Education of the City School District of the City of Cleveland, Ohio; that the regulations of the administrative Code governing employees of the board be amended as follows:

"1. No contract shall be entered into for the employment of a teacher for any school year if such teacher has attained or shall attain the age of sixty-five years before the first day of such school year.

"2. All other employees shall be honorably retired by the Director of Schools from the service of this board at the end of the school year during which such employees shall have attained the age of sixty-five years.

"Be it further resolved, that for the purpose of this resolution a school year shall be defined as the period from September 1st to and including August 31st of the next succeeding year.

Phillips & Falsgraff, Cleveland, for plaintiff-appellant.

Alfred Clum, Director of Law, Cleveland, Charles W. White, Asst. Director of Law, Cleveland, for defendant-appellee.

"And further be it resolved, that resolution No. 22302 adopted by this board on February 14, 1936, be and the same is hereby rescinded."

The amended petition then incorporated §7896-34 GC from the Retirement Act:

"WHO MAY RETIRE: BOARD MAY RETIRE WHOM: Any teacher, except a new entrant with less than five years of service, who has attained sixty years of age may retire, if a member, by filing with the retirement board an application for retirement. The filing of such application shall retire such member as of the end of the school year then current. At the end of the school year in which they become members the retirement board shall retire all teachers who were over seventy years of age at the time they became members and shall retire all other members at the end of the school year in which the age of seventy is attained, provided in each case the consent of the employer is secured."

## OPINION

By LIEGHLEY, J.

This case relates exclusively to reemployment of teachers. Plaintiff filed this action below in his own behalf and in behalf of all other teachers similarly situated or affected.

Plaintiff in his amended petition asserts

Also §7691 GC, relating to the time limitations of teacher contracts, which reads as follows:

"Sec 7691 GC—Terms: No person shall be appointed as a teacher for a term longer than four school years, nor for less than one year, except to fill an unexpired term, the term to begin within four months after the date of the appointment. In making appointments teachers in the actual employ of the board shall be considered before new teachers are chosen in their stead."

Plaintiff further alleges that he was born in 1870; that he has not filed an application with the retirement board and that the principal of John Hay High School has recommended him for reemployment for the next school year.

Plaintiff further says that the action of the Board of Education, through its members, in adopting said resolution No. 22338, is contrary to the laws of Ohio and that unless restrained said defendants will put its provisions into effect to the great and irreparable injury of plaintiff and other teachers similarly situated for the prevention of which there is no adequate remedy at law.

Wherefore, plaintiff prays that resolution No. 22338 be declared null and void; that the defendants be restrained from refusing to reappoint plaintiff and all other teachers similarly situated, as a teacher in the Cleveland city schools for the reason that plaintiff and such others have attained the age of sixty-five years prior to August 31st, 1938; that defendants be restrained from considering the employment of any teacher not now in the employ of the Board of Education before considering the reappointment of plaintiff and other teachers similarly situated, and for such other and further relief as may be just and equitable.

Defendants filed a demurrer to said amended petition upon the single ground that same failed to state sufficient facts to constitute a cause of action. The trial court sustained the demurrer and plaintiff not desiring to plead further, judgment was entered in favor of the defendants. Plaintiff appealed to this court to obtain a reversal on questions of law.

Counsel agree upon several well established legal propositions. Boards of education are creatures of statute. Such boards have only such powers as are expressly conferred. We add such implied powers as are reasonably necessary to effectuate express powers.

Board of Education v Bright et, Taxpayers, 109 Oh St 14.

Schwing v McClure et, Trustees, 120 Oh St 335-41.

The defendants claim that the provisions of §§4749 and 4750, GC, unqualifiedly authorize said resolution which read:

"Sec 4749 GC:

"The Board of Education of each school district, organized under the provisions of this title, shall be a body politic and corporate, and, as such, capable of suing and being sued, contracting, and being contracted with, acquiring, holding, possessing and disposing of real and personal property, and taking and holding in trust for the use and benefit of such district any grant or devise of land and any donation or bequest of money or other personal property and of exercising such other powers and privileges as are conferred by this title and the laws relating to the public schools of this state."

Sec 4750, GC:

"Board may make rules: Legal meetings: The Board of Education shall make such rules and regulations as it deems necessary for its government and the government of its employees and the pupils of the schools. No meeting of a Board of Education, not provided for by its rules or by law, shall be legal, unless all the members thereof have been notified as provided in the next section."

The plaintiff claims in effect that the enactment of §§7696-34 and 7691, GC, effectuated an amendment or limitation of powers conferred by §§4749 and 4750, GC, above quoted, if it be assumed that such powers existed prior to their enactment.

The cases cited above and cited with others by counsel upon the same subject are not determinative of this problem. The question here is whether the language of §4750, GC, comprehends the right and authority for the board to adopt said resolution No. 22338. This section is an express grant of all power and authority to do all things deemed necessary to accomplish the objectives enumerated except as and to the extent that express restrictions or limitations may be found in other sections.

Plaintiff claims that §7703, GC, which confers upon the superintendent the right to appoint the teachers, constitutes one such restriction. However, all such appointments are made subject to the approval and confirmation of the board No con-

tract of employment exists unless and until so approved. Our attention is also challenged to a certain statutory procedure required to be followed to dismiss a teacher. However this can only relate to one under contract and not to a teacher whose contract has expired.

Sec 7691 GC, is claimed to be another such restriction upon the free exercise of discretion to put into effect the provisions of said resolution. This section limits the term of employment of a teacher to one to four years and then requires that teachers already employed shall be considered before new teachers are chosen. There is nothing in this section to subtract from the right of the board to finally approve and confirm the appointment of a new teacher in preference to one theretofore employed by it.

Also, §7896-34, GC, is claimed to be a limitation upon the power of the board to adopt said resolution and carry out its express purpose. This section deals with retirement age and has nothing whatever to do with a contract of employment for future service between a teacher and the board. This section relates to matters personal to the teacher. He may voluntarily retire at sixty years of age and the Retirement Board shall retire him when over seventy. This resolution does not retire him at sixty-five and in no way conflicts with the Retirement Act. Even if it did, it should not seem particularly alarming or outrageous to require one to do that which he may voluntarily do. It would not be surprising if inquiry disclosed that more than one board in this state refused to employ a teacher over sixty. It might be the result of an honest judgment based on their peculiar experience in a particular locality. It may be their experience and judgment that younger teachers produce better results. Whether he elects to avail himself of the privileges of this Act at once and retire or seeks employment elsewhere is not determined for him. This resolution simply anounces a policy in advance to the effect that this board will not ▮▮▮▮▮ ▮ approve and confirm any contract of any teacher seeking employment who has attained the age of sixty-five years.

The existence of a teacher's pension fund in the city of Chicago was held not to restrain the Board of Education in its right to select such persons as teachers as it may choose to employ and that the only right upon which a contributor to the fund can insist in case of no renewal contract is a right to a return of money contributed.

People of Illinois ex Fursman v City of Chicago, 278 Ill. 318.

The case at bar presents an analogous situation.

In fact, there is no statute which inhibits the promulgation and enforcement of resolution 22338 by the board in respect to future contracts with teachers.

This resolution is merely the pronouncement of an administration rule. It is comparable to such a rule as was considered by the Circuit Court of this county in the case of **Frederick v Owens, 25 C.C. (N.S.) 581.** In the Owens case, the resolution of the board forbade a teacher from affiliating with a labor union. Such a resolution would probably be held invalid now for the very good reason that since then a statute has been enacted expressly declaring such contracts invalid. There is no statute expressly forbidding the resolution under consideration, and the plinciples announced in paragraphs one, two, three and seven of the syllabus of the Owens case are directly pertinent, persuasive and convincing:

"1. The management of the public schools of a city is vested in the superintendent and Board of Education, and their decision as to the policy to be pursued in the employment of teachers will not be interfered with by the courts in the absence of a showing of fraud or abuse of discretion.

"2. In the appointment of teachers the superintendent and Board of Education are authorized to employ whomsoever they will from among those having the neressary certificates and giving preference to teachers whose terms are expiring. Such freedom of contract is guaranteed by the Constitution, and where the board adopts a resolution providing, among other things, that no applicant for position of teacher in the public schools will be given appointment who is affiliated with a labor organization, the discretion so exercised is within the authority vested in the board.

"3. An order of court attempting to control the discretion of the superintendent and Board of Education in the appointment of teachers, and enjoining them from refusing to appoint applicants for the position of teacher because such applicant is affiliated with a labor organization, or intends to become affiliated with such a labor organization, or has participated, or intends to participate, in forming a union of the teachers of the schools, is beyond the power of the court and is a nullity, and the court is without power to punish a violation of such

order in a proceeding for contempt.

"7. Teachers have no vested rights in positions held by them in the public schools, and their rights terminate at the end of the period for which they were employed."

Whether the pronounced policy of the board is for the best interests of the school system is for it to decide. It █ is not our function to substitute a policy perhaps thought by us to be better for its policy. The Legislature reposed that function in its charge. If the people whom it represents and serves regard its policy and action inimical to their best interests and the welfare of the schools they have a complete and adequate remedy at the polls.

Education is a matter of state concern. The statutes are replete with evidence that the legislature did not intend to retain the detail administration of this function. §§4749 and 4750, GC evidence a diametrically opposite intention.

It needs little reflection to conclude that the administration of the school system of the state in its administrative details from the capital would be highly impractical. The needs and wishes of the people in educational matters in the different localities of the state are as varied as are their activities and industries.

Therefore, as expressed by §4749, GC, it was deemed the wiser course to delegate this function to Boards of Education in the various school districts duly created. To constitute each board a fully empowered agency each was declared to be a body politic and corporate, capable of suing and being sued and contracting and be contracted with, and such other privileges and powers as are conferred by the laws relating to the public schools of this state.

Following the creation of this agency in the board and grant of powers to it, the Legislature by §4750, GC, directed and commanded each board to make such rules and regulations as it deems necessary for its government. By this the board is required to perform its functions in an orderly manner in conformity with rules duly adopted. Also, it shall make rules for the government of its employees and the pupils of the schools.

By these sections a wide discretion was lodged in the board in the discharge of the duties thereby imposed. Courts reluctantly interfere with the exercise of their discretion or the discharge of their designated duties. Courts will not substitute their judgment for that of the board upon matters delegated to it to decide in conducting the affairs of the schools.

**Board of Education v State ex Wickham, 80 Oh St 133.**

**Brannon v Board of Education, 99 Oh St 369.**

No stronger or better language could well be selected than that employed in these two sections to confer upon the board plenary authority and responsibility █ for the proper conduct, control, regulation and supervision of its employees, the pupils and the entire school system of the district. Its authority in these respects is unlimited except to the extent that it be curtailed by express law. In the absence of a statute that requires the board to re- █ employ a teacher over sixty-five years of age, the right to refuse to do so can not be successfully challenged, nor can its refusal to do so be held to be an abuse of discretion.

Plaintiff has a contract with the board which expires August 31, 1938. Unless and until a renewal contract is approved and confirmed for a period thereafter he has no legal rights that he may assert. The relation of a teacher and the board is contractual by law. Any legal rights █ which a teacher has to any employment as such must rest on contract. He has no vested right to employment to teach in the absence of contract.

Judgment affirmed.

TERRELL, J, concurs.
LEVINE, PJ, dissents.