HOLROYD ET AL., APPELLANTS, *v.* EIBLING, SUPT., ET AL., APPELLEES.*

(No. 6824—Decided April 17, 1962.)

*Mr. Paul M. Herbert* and *Mr. Gordon K. Bolon*, for appellants.

*Mr. Russell Leach*, city attorney, *Mr. George Smith, Mr. Frank A. Reda* and *Mr. John W. E. Bowen*, for appellees.

*Motion to certify the record overruled (37708), October 17, 1962. Appeal dismissed, 174 Ohio St., 27.

COLLIER, P. J.   This action was brought by H. James Holroyd and Helen M. Holroyd, husband and wife, and Patricia A. Holroyd, their minor child, by her father and next friend, H. James Holroyd, and Dwight Ely and Dorothy S. Ely, husband and wife, and their minor child, Marilyn Sue Ely, by her father and next friend, Dwight Ely, on behalf of themselves and other parents and children similarly situated, in the Common Pleas Court of Franklin County, Ohio, seeking to enjoin the defendants, Harold H. Eibling, Superintendent of Schools of the City of Columbus, Ohio, and Edgar W. House, Principal of North High School, Columbus, Ohio, from enforcing Regulation, Section 10.22, enacted by the Board of Education of the City of Columbus, Ohio.

After a hearing in the Common Pleas Court, the injunctive relief sought was denied and final judgment was entered against the plaintiffs.   The plaintiffs have perfected their appeal to this court on questions of law and fact, and by stipulation of the parties the case has been submitted to this court on the record of the testimony taken in the trial court, the oral arguments and briefs of counsel.

Plaintiffs, in their petition, allege that the two minor plaintiffs are enrolled as pupils in North High School, which is a part of the public school system of the city of Columbus and the state of Ohio; that they have joined a youth organization which is identified with an adult service organization; that this organization, with other similar organizations, requires a high standard of grades and morals; that it does not meet on school property, but in the homes of the parents of the members; that the meetings are not secret but are attended by parents or group supervisors; that these organizations are not fraternities or sororities and have no secret initiation or secret ritual; and that they (the organizations) encourage participation in school and community activities and recognition of the responsibility of the citizen.   Plaintiffs claim further that if Regulation 10.22 is enforced, the defendants will take complete control of a pupil's activities so far as associations are concerned at all times throughout the year, both summer and winter, thereby denying the parents their responsibility in selecting associates for their children outside school hours and away from school property; and that the pupils will be denied the rights and privileges to

participate in regular school work and activities. The prayer of the petition is for a permanent injunction, enjoining the defendants from enforcing such regulation or any part thereof in the public schools of the city of Columbus.

The defendants, in their answer, after admitting the identity of the parties, that the minor plaintiffs and others represented are pupils in North High School and members of the alleged youth organizations, and the enactment of such regulation by the Board of Education of the City of Columbus, deny generally all other allegations of the petition.

The record shows that on March 15, 1960, the Board of Education of the City of Columbus enacted its Regulation, Section 10.22, which reads as follows:

"Section 10.22. Prohibition Upon Public Affiliation with Certain Organizations.

"(a) It shall be unlawful for any pupil enrolled in the Columbus Public Schools, in any manner, to organize, join, or belong to any school fraternity, sorority, society, or organization, as defined in sub-section (b), or to solicit members for such organizations, or to attend meetings of such organizations, or to engage in activities sponsored by such organizations, or to wear or display rings, pins, or any type of emblem, symbol or attire, which signifies or designates membership in any such organizations. Any such fraternity, sorority, society or organization as defined and referred to in this section, is declared an obstruction to education, inimical to the best interests of the Columbus Public Schools and to the public welfare, and illegal.

"(b) For purposes of this section, a school fraternity, sorority, society or organization, referred to in sub-section (a) is hereby defined and determined to be any organization whose active membership is composed wholly or in part of pupils enrolled in the Columbus Public Schools, and which perpetuates itself by admitting additional members from the pupils enrolled in the Columbus Public Schools on the basis of the decision of its membership rather than upon the right and free choice of any pupil who is qualified by the rules of his school to be a member of and take part in any class or group exercises designated and qualified according to sex, subjects required by the course of study, or program of school activities fostered and promoted by his school, except for organizations officially approved by the

Superintendent of Schools as having sufficient education merit to justify their existence.

"(c) Any pupil enrolled in the Columbus Public Schools, who is in violation of this section, shall be barred from, declared ineligible for and shall forfeit his right and opportunity to participate in any athletic, literary, military, musical, dramatic, service, scientific, scholastic, and other similar activities and organizations of his school, including honor societies or honor organizations. It is the purpose and intent of such bar to cause the forfeiture of participation in those activities and organizations incidental to regular school work.

"Such pupils shall also be barred from, declared ineligible for, and shall forfeit his right and opportunity to hold any school or class office, to participate in any class election, to receive any honor whatsoever based upon scholastic or other achievement, or to represent the school in any activity or organization.

"(d) It shall be the duty of the principal of each school of the Columbus public school system to enforce the provisions of this section, subject, however, to the right of the Superintendent of the Columbus public school system, at his discretion, to review the actions of the school principal in the performance of the duties enjoined upon him by this section.

"(e) The provisions of this section shall be in force and shall apply to all students enrolled in the Columbus public school system, who are scheduled for graduation during or after June, 1962."

The evidence consists of the testimony of the minor plaintiffs and several other pupils in North High School, all members of youth organizations, one parent of a pupil, and the defendants, the Superintendent of the Columbus City Schools, and the Principal of North High School. The testimony of these witnesses shows the history and operation of these youth organizations, which are not called fraternities or sororities but are referred to as social clubs. There are six clubs, three for boys and three for girls. The names of the boys' clubs are: Link, Okays and York. The names of the girls' clubs are: Waikiki, Siotes and Arro. Each club has a membership of approximately 30 pupils, a total membership of less than 200. All clubs have been in existence for a number of years. The total enrollment of

North High School is approximately 1,900. These clubs have many, if not all, of the characteristics of a fraternity or sorority. In describing the operations and functions of these groups, the witnesses used such familiar terms as, "rushing," "pledges," "initiation," etc. Each club has a pin, a ring, and a club song and poem which is supposed to be known only by the members. Such testimony discloses that the membership is based entirely upon invitation and approval by the club members; that the members of the clubs are all students in North High School, except one or two members in each club; that each club has a court for the discipline of its members; that the club meetings are held in the homes of the parents; and that the club members hold positions in the various school programs and activities, in numbers out of proportion to their comparative number with the school enrollment. The testimony of the defendants is that they have not attempted to enforce Regulation 10.22 and will not do so until the present litigation is determined; and that they have not classified any of these six clubs as falling within the purview of Regulation 10.22 and, therefore, to be banned. They say, however, that these clubs have a divisive influence in the school and present difficult problems for the school authorities. The only reasonable assumption is that the primary purpose of the board of education in adopting this regulation was to abolish these six clubs and all other similar organizations in the Columbus City Schools.

The above summary of facts as shown by the transcript of the testimony taken in the Common Pleas Court, consisting of 566 pages, as we view the situation, presents one question to be determined. That is, does the Board of Education of the City of Columbus have authority to adopt Regulation 10.22, prohibiting pupils in the public schools from affiliating with social clubs, such as the six clubs herein described, under penalty of rendering such pupils ineligible to participate in certain extra-curricular activities?

There is no statutory authority in Ohio at the present time expressly granting such power to a local school board. Prior to 1947, Sections 12908 and 12909 of the General Code gave local boards of education such power, but in that year these statutes. along with approximately 250 other sections of the General Code, were repealed (see 122 Ohio Laws, 28, 29) for the reason

they were "obsolete, antiquated, redundant, duplications, or which have been declared unconstitutional by the courts of this state." The only statute now in effect relating directly to the subject is Section 2923.35, Revised Code, a penal statute, which reads:

"No pupil in the public schools, shall organize, join, or belong to a fraternity, sorority, or other like society composed of or made up of pupils of the public schools.

"Whoever violates this section shall be fined not less than ten nor more than twenty-five dollars for each offense."

And the question presented has never been decided in any reported case in Ohio, although it has been the subject of litigation in many other jurisdictions.

Section 3, Article VI of the Ohio Constitution reads as follows:

"Provision shall be made by law for the organization, administration and control of the public school system of the state supported by public funds: provided, that each school district embraced wholly or in part within any city shall have the power by referendum vote to determine for itself the number of members and the organization of the district board of education, and provision shall be made by law for the exercise of this power by such school districts."

Under this constitutional provision, laws have been enacted by the General Assembly in Ohio establishing school districts and boards of education and granting such boards power to organize, administer control and conduct public schools. See Chapters 3311 and 3313, Revised Code. Section 3313.47, Revised Code, reads as follows:

"Each city, exempted village, or local board of education shall have the management and control of all of the public schools of whatever name or. character in its respective district. * * *"

Section 3313.20, Revised Code, provides as follows:

"The board of education shall make such *rules and regulations* as are necessary for its government and the government of its employees and the pupils of the schools. * * *" (Emphasis added.)

Under these statutes and the general statutes concerning the powers of boards of education it has been held that the rule-

making power of such boards for the proper conduct, control, regulation and supervision of its employees, pupils and the entire school system is unlimited except to the extent that it is curtailed by express law, and that in the absence of fraud, abuse of discretion or arbitrariness or unreasonableness a court will not interfere with the authority of a board of education to make rules and regulations, nor substitute its judgment for that of the board in the conduct of the affairs of the school. 48 Ohio Jurisprudence (2d), 488, Section 81. In the case of *Brannon* v. *Board of Education*, 99 Ohio St., 369, it was held:

"2. A court has no authority to control the discretion vested in a board of education by the statutes of this state, or to substitute its judgment for the judgment of such board, upon any question it is authorized by law to determine.

"3. A court will not restrain a board of education from carrying into effect its determination of any question within its discretion, except for an abuse of discretion or for fraud or collusion on the part of such board in the exercise of its statutory authority."

And in *Greco* v. *Roper*, 145 Ohio St., 243, the first paragraph of the syllabus reads:

"Under the statutes of Ohio, a board of education is charged with the management and control of the public schools in its district and is vested with authority to make such rules and regulations as it deems necessary for its government and the government of its employees."

See, also, *Board of Education of Sycamore* v. *State, ex rel. Wickham*, 80 Ohio St., 133; and *State, ex rel. Ohio High School Athletic Assn.*, v. *Judges*, 173 Ohio St., 239.

In most of the cases referred to in oral argument and cited in the briefs, the board of education was authorized by a specific statute to adopt regulations banning youth organizations falling under certain classifications. The subject is annotated in 27 A. L. R., 1074, beginning with this statement:

"The weight of authority is to the effect that rules by a board of education or other school authority, forbidding membership of pupils in so-called Greek-letter fraternities, and providing for punishment for violation by expulsion of the pupils or rendering them ineligible to participate in certain school activities, are valid. * * *"

It appears that in the many cases from other jurisdictions cited and examined the case of *Wright* v. *Board of Education*, 295 Mo., 466, 246 S. W., 43, 27 A. L. R., 1061, stands almost alone in holding such a regulation is invalid. The rationale of these decisions is that a board of education is vested with broad discretionary powers in adopting a policy prohibiting affiliation with such organizations in the government, management and discipline of the schools; that such regulations do not deprive the pupils or parents of any *natural* or constitutional rights or privileges; that, when, in the opinion of the school authorities, such organizations have a deleterious influence and are found to be inimical to the best interests of the school, a school board is authorized, even in the absence of a specific statute granting such power, to adopt regulations prohibiting them; and that such power is inherent in a board of education. See *Coggins* v. *Board of Education*, 223 N. C., 763, 28 S. E. (2d), 527; *Wilson* v. *Abilene Independent School District* (Tex. Civ. App.), 190 S. W. (2d), 406; *Wayland* v. *Board of School Directors*, 43 Wash., 441, 86 P., 642, 7 L. R. A. (N. S.), 352; *Antell* v. *Stokes*, 287 Mass., 103, 191 N. E., 407; *Steele* v. *Sexton*, 234 N. W., 436; *Burkitt* v. *School District No. 1*, 195 Ore., 471, 246 P. (2d), 566; and 47 American Jurisprudence, 423, Section 169, and 79 Corpus Juris Secundum, 446, Section 499.

We have considered the contentions of the plaintiffs that the enforcement of this regulation would constitute an invasion of parental authority, and that the state of Ohio by the enactment of Section 2923.35, Revised Code, and the repeal of Sections 12908 and 12909 of the General Code, has pre-empted the field leaving a local board of education without authority to adopt such a regulation; and we find no merit in these contentions.

Our conclusions are that the Board of Education of the City of Columbus acted within the scope of its authority in adopting Regulation 10.22; that such authority is granted to the board by Section 3313.20, Revised Code, and is also inherent in the board; that the provisions of this regulation are not unreasonable or arbitrary; that the enforcement of this regulation in a reasonable manner, which must be assumed, will not deprive the plaintiffs of any constitutional rights or natural privileges as citizens or pupils of the public schools; that this court has no

authority to interfere with the exercise of the discretion vested in the Board of Education of the City of Columbus in this matter; and that the plaintiffs are not entitled to the relief sought. Therefore, the prayer of plaintiffs' petition is denied and plaintiffs' petition is dismissed, at the cost of plaintiffs, the appellants herein.

Plaintiffs' petition is hereby dismissed and judgment rendered for the defendants.

*Judgment accordingly.*

DONAHUE and BROWN, JJ., concur.

COLLIER and BROWN, JJ., of the Fourth Appellate District, and DONAHUE, J., of the Seventh Appellate District, sitting by designation in the Tenth Appellate District.