CROSS ET AL., v.
PRINCETON CITY SCHOOL DISTRICT
BOARD OF EDUCATION.

(No. A-88-02397—Decided
July 21, 1989.)

Court of Common Pleas of
Hamilton County.

*Robert L. Cloud,* for plaintiffs.

*John W. Hust* and *W. Breck Weigel,* for defendant.

ANN MARIE TRACEY, J. This matter comes before the court on plaintiffs' appeal of the order of the Princeton Board of Education expelling plaintiff Robert Cross from that school. The instant expulsion arose as a result of plaintiff's admitted possession of drug paraphernalia on school grounds. The court has carefully considered the memoranda and argument of counsel, the exhibits and the depositions filed.

Robert, a student in the Princeton City School District, was expelled in January 1988 from the Princeton Senior High School for possession of drug paraphernalia, to wit, a marijuana pipe, on school grounds. There was a hearing before the Princeton Board of Education on February 18, at which time the expulsion action was affirmed. The expulsion was for ten days, from January 14 through January 28, 1988.

There is no contention that any of the requisite steps in the expulsion process were omitted. Clearly, the requirements of Ohio law with respect to expulsion were met. Rather, plaintiffs assert that the Princeton Board of Education's affirmation of the expulsion was unsupported by a preponderance of substantial, reliable and probative evidence on the whole record, and that the decision was arbitrary and

1

unreasonable. Plaintiffs further assert that the board's failure to consider mitigating evidence denied Robert due process.

Plaintiffs' appeal of Robert's expulsion from Princeton High School is governed by R.C. Chapter 2506. Specifically, R.C. 2506.04 provides, in part:

"The Court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court.* * *"

As a general rule, courts will not attempt to interfere with rules established by a board of education, to revise them, or to intervene to prevent their being put into appropriate operation, unless such rules are unreasonable or give rise to a clear abuse of discretion or a violation of law. *Royer* v. *Bd. of Edn.* (1977), 51 Ohio App. 2d 17, 19, 5 O.O. 3d 138, 140, 365 N.E. 2d 889, 891; *Holroyd* v. *Eibling* (1962), 116 Ohio App. 440, 445-446, 22 O.O. 2d 264, 267, 188 N.E. 2d 797, 801. The Ohio Supreme Court has repeatedly held that a court has no authority to control the discretion vested in a board of education by statute, or to substitute its judgment for the judgment of such board on any question it is authorized to determine. *Brannon* v. *Bd. of Edn.* (1919), 99 Ohio St. 369, 124 N.E. 235, paragraphs two and three of the syllabus; *Greco* v. *Roper* (1945), 145 Ohio St. 243, 30 O.O. 473, 61 N.E. 2d 307, paragraph one of the syllabus; *State, ex rel. Ohio High School Athletic Assn.* v. *Judges of the Court of Common Pleas* (1962), 173 Ohio St. 239, 19 O.O. 2d 52, 181 N.E. 2d 261, paragraph two of the syllabus. The courts are so disinclined to interfere with regulations adopted by boards of education that they will usually not consider whether the regulations are wise or expedient but only whether they are a reasonable exercise of the power and discretion of the board. *Greco* v. *Roper, supra; Laucher* v. *Simpson* (1971), 28 Ohio App. 2d 195, 199, 57 O.O. 2d 303, 306, 276 N.E. 2d 261, 264.

Such is the case here. The order of expulsion does not constitute arbitrary, capricious or unreasonable action. It was based on Robert's violation of the stated policy of Princeton High School, which policy provides, in pertinent part:

"A student will not knowingly use, possess, deliver or sell drug paraphernalia. * * * *Penalty*—the possession at any time in school, on school grounds or at a school sponsored event of drug paraphernalia will result in a ten-day suspension from school and the recommendation for expulsion from school. * * *"

There is no question that Robert violated the policy and thereby was subject to a ten-day suspension or expulsion. Consequently, the Princeton Board of Education's enforcement of the anti-drug paraphernalia policy does not constitute arbitrary, capricious or unreasonable action.

Plaintiffs further contend that the expulsion here is not supported by a preponderance of substantial, reliable and probative evidence on the whole record. This contention is without merit. There is no dispute that Robert possessed drug paraphernalia, to wit, a marijuana pipe. Robert admits that he took the pipe into his possession after finding it in the school parking lot. In addition, there was more than an ample basis for the board to make credibility determinations with respect to the statements of the witnesses.

These credibility determinations further support the board's findings.

Plaintiffs also complain that the board's refusal to be swayed from the policy because of Robert's grades, redeeming qualities, or the circumstances herein violates his rights and is also arbitrary, capricious and unreasonable. To the contrary, the board's approach here permits an important policy to have effect and weight. To insist the policy should be compromised to the extent suggested by plaintiffs would render the policy ineffective, meaningless and possibly unfair. The board's action was well within its discretion and proper.

The Princeton Board of Education's affirmation of the expulsion of Robert Cross was based upon a preponderance of substantial, reliable and probative evidence that he had, in fact, violated a clearly enunciated school rule. The Princeton Board of Education had the right and the affirmative duty to enforce that rule, and it did so properly. The rule was enforced in accordance with law and at no time was plaintiff denied his due process rights.

The order affirming the expulsion of plaintiff Robert Cross should therefore be, and hereby is, affirmed.

*Judgment accordingly.*