Ohio Association of Public School Employees, AFSCME/AFL–CIO, et al., Appellants, *v.* Stark County Board of Education, Appellee.

Ohio Association of Public School Employees, AFSCME/AFL–CIO, et al., Appellants, *v.* Montgomery County Board of Education, Appellee.

[Cite as *Ohio Assn. of Pub. School Employees v. Stark Cty. Bd. of Edn.* (1992), 63 Ohio St.3d 300.]

(Nos. 90–1791 and 90–1792—Submitted
November 5, 1991—Decided March 25, 1992.)

*Lucas, Prendergast, Albright, Gibson & Newman, Robert J. Walter* and *Robert M. Greggo,* for appellants.

*Robert D. Horowitz,* Prosecuting Attorney, and *Deborah A. Dawson,* for appellee Stark County Board of Education.

*Young, Pryor, Lynn & Jerardi* and *Michael J. Burdge,* for appellee Montgomery County Board of Education.

MOYER, C.J. Appellants contend that appellee boards of education lack the authority to adopt a school-bus-driver-certificate policy. Appellants argue that the criteria for issuing a bus-driver certificate are set out by the General Assembly in R.C. 3327.10 and by the Ohio Department of Education in Ohio

Adm.Code 3301-83-06, and that a county board of education may not alter these criteria for issuance or revocation of a bus-driver certificate. We are unpersuaded by appellants' argument.

A county board of education may adopt criteria for the issuance or revocation of certificates for bus drivers employed by school districts in its county pursuant to R.C. 3327.10 and 3313.20.

R.C. 3327.10 requires the certification of bus drivers. The statute states:

"(A) No person shall be employed as a driver of a school bus or motor van, owned and operated by any school district or privately owned and operated under contract with any school district in this state, who has not received a certificate from the county board of education of the county in which he is to be employed, in case such person is employed by a school district under the supervision of the county board, or by the superintendent of schools, in case such person is employed by the board of a city or exempted village school district, certifying that such person is at least eighteen years of age and is of good moral character and is qualified physically and otherwise for such position.   * * *"

County boards of education have supervisory authority over school districts employing bus drivers. Certificates for bus drivers in those districts must be sought and obtained from the county boards of education. The General Assembly has directed county boards of education to determine whether a person desiring to operate a school bus "is at least eighteen years of age and is of good moral character and is qualified physically and otherwise for such position." Because a county board of education is required to certify such facts when it issues a certificate to a bus driver, it necessarily and implicitly has the power to determine whether such facts are indeed true. As this court stated in *Belden v. Union Central Life Ins. Co.* (1944), 143 Ohio St. 329, 28 O.O. 295, 55 N.E.2d 629, at paragraph three of the syllabus: "It is no violation of the constitutional inhibition against the delegation of legislative power for the General Assembly to establish a policy and fix standards for the guidance of administrative agencies of government while leaving to such agencies the making of subordinate rules within those fixed standards and the determination of facts to which the legislative policy applies."

The rationale for delegating power to bodies such as county boards of education was explained in *Panama Refining Co. v. Ryan* (1935), 293 U.S. 388, 421, 55 S.Ct. 241, 248-249, 79 L.Ed. 446, 459: "The Congress manifestly is not permitted to abdicate, or to transfer to others, the essential legislative functions with which it is thus vested. Undoubtedly legislation must often be adapted to complex conditions involving a host of details with which the national legislature cannot deal directly. The Constitution has never been

regarded as denying to the Congress the necessary resources of flexibility and practicality, which will enable it to perform its function in laying down policies and establishing standards, while leaving to selected instrumentalities the making of subordinate rules within prescribed limits and the determination of facts to which the policy as declared by the legislature is to apply. Without capacity to give authorizations of that sort we should have the anomaly of a legislative power which in many circumstances calling for its exertion would be but a futility."

Under the Ohio Constitution and the implementing statutes adopted by the General Assembly, boards of education, including county boards of education, have broad powers in matters under their control. See Section 3, Article VI of the Ohio Constitution; *Minshall v. State, ex rel. Merritt* (1931), 124 Ohio St. 61, 176 N.E. 888; *Harrison v. Bd. of Edn.* (1938), 60 Ohio App. 45, 13 O.O. 182, 19 N.E.2d 522; *Holroyd v. Eibling* (C.P.1961), 90 Ohio Law Abs. 78, 25 O.O.2d 231, 188 N.E.2d 208, affirmed (1962), 116 Ohio App. 440, 22 O.O.2d 264, 188 N.E.2d 797. A county board of education cannot determine that a bus driver is "of good moral character" and "otherwise qualified" without certain criteria which establish the definition of those terms. The certificate policies of the appellees establish such criteria. It is well within the powers conferred upon the boards of education by statute to adopt policies which fulfill the legislative mandate.

Additional authority under which the boards of education may carry out the mandate of R.C. 3327.10 is found in R.C. 3313.20, which states: "The board of education shall make such rules as are necessary for its government and the government of its employees, pupils of its schools, and all other persons entering upon its school grounds or premises. * * *" The bus-driver policies in question fall into the category of rules necessary for a board of education's government. The policies adopted by the boards set forth the manner in which they will determine whether an applicant for a bus-driver certificate is eighteen years of age, of good moral character, and is qualified physically and otherwise to be a bus driver. Former G.C. 4842–12 (now R.C. 3319.16), a statute providing similar discretion to school boards, was reviewed in *Greco v. Roper* (1945), 145 Ohio St. 243, 30 O.O. 473, 61 N.E.2d 307. The statute stated: " 'The contract of a teacher may not be terminated [by a board of education] except for gross inefficiency or immorality; for wilful and persistent violations of reasonable regulations of the board of education; *or for other good and just cause.*' " (Emphasis added.) *Id.* at 248, 30 O.O. at 475–476, 61 N.E.2d at 309.

This court, in interpreting the power of boards of education under such broad grants of authority stated, "[w]here a statute, such as ours, not only

specifies particular causes for which a board of education may terminate a contract but also contains the separate phrase, 'or for other good and just cause,' such phrase must be accorded meaning and force and certainly embraces and was intended to embrace other and different causes than the ones specifically enumerated." *Id.* at 249, 30 O.O. at 476, 61 N.E.2d at 309.

The present situation is no different. Boards are charged with ascertaining specific facts about drivers, but they are also directed to determine if the drivers are of good moral character and "otherwise" qualified. R.C. 3327.10. In *Greco,* the statutory language that allows a board to "make such rules and regulations as it deems necessary for its government and the government of its employees" was applied. See former G.C. 4750 (now R.C. 3313.20). Such authority still exists in the Revised Code and is equally applicable today.

Appellants next assert that the Stark County Board of Education's policy is invalid because it requires revocation of a bus-driver certificate based on an accumulation of traffic violation points during any one year after certification has been issued. Appellants argue that a certificate may be revoked only for the reasons stated in R.C. 3327.10: loss or suspension of driving rights, or failure to report traffic violation convictions or any revocation or suspension of driving rights. Such an interpretation would render R.C. 3327.10 meaningless. The statute also requires an annual physical examination to ascertain physical fitness for employment. No mention is made in the statute for revocation of the bus-driver certificate upon failure to pass the physical examination. In fact, no mention is made of the authority to revoke certificates for any reason other than those stated above. Yet, there are numerous instances where revocation would be required, such as a discovery that a driver has misrepresented his age and is not at least eighteen years old.

The statutes grant to county boards of education the power to set criteria for the issuance of school-bus-driver certificates. When, after a certificate has been issued, a bus driver accumulates sufficient traffic-violation points or in some other way becomes no longer certifiable, a county board also has the power to revoke that driver's certificate.

In addition to arguing that the boards of education have no authority to set criteria for issuance of bus-driver certificates, appellants allege that the actual criteria applied are invalid. Appellants assert that appellees' policies based on an accumulation of traffic-violation points pursuant to R.C. 4507.021 attempt to modify and supersede the statute because the General Assembly has made a determination regarding when an excess of points results in a loss of driving privileges. However, R.C. 4507.021 has nothing to do with whether a county board of education issues bus-driver certificates. That statute deals only with whether a driver will receive points and at what stage the driver will have his

or her driving privileges suspended. School bus drivers are held to a different standard than other drivers, and that is the very basis for the system of certification. Simply because a driver has not accumulated enough points to warrant suspension of driving privileges does not demonstrate that he is qualified to be a school bus driver. School bus drivers certainly can and should be held to a higher standard than drivers of other motor vehicles.

R.C. 3327.10 and 3313.20 provide clear authority for a county board of education to adopt criteria for eligibility to receive a bus-driver certificate. Because authority has been granted by the General Assembly, we need look no further to the provisions of the Ohio Administrative Code, upon which appellees also rely.

For the foregoing reasons, the judgments of the courts of appeals are affirmed.

*Judgments affirmed.*

SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.