OPINION
{¶ 1} Joseph Mayeux appeals from the judgment of the Lake County Court of Common Pleas, affirming in part, and reversing in part, an administrative affirmation of a three-day suspension imposed on him by the Board of Education of the Painesville Township School District (the "board"). We affirm. *Page 2 
 {¶ 2} On May 22, 2006, Assistant Principal Keith Thimons of Riverside High School was told by a student informant that several students, including Mr. Mayeux, might be involved in drug dealing. Upon being brought to Mr. Thimons' office by Assistant Principal Bill Wade the morning of May 23, 2006, Mr. Mayeux agreed to a pat down search and to emptying his pockets. Several hundred dollars were found in his wallet, which he claimed was pay from work he had not yet deposited in the bank. Upon being informed that the school authorities wished to search his car, Mr. Mayeux told them there was nothing to find, except for his cigarettes. Upon searching the car, the school authorities found eight cigarettes in a silver case and two lighters with a lighter case.
 {¶ 3} Rule 26 of the Riverside High School Code of Conduct, entitled "Use and/or Possession of Tobacco," provides, in pertinent part:
 {¶ 4} "The use of any tobacco product by students is prohibited. This applies to all extracurricular activities both on school property and away from school. Use includes possession. Smoking is defined as holding a tobacco product, whether lit or unlit, or having held it and tossed it aside, or any obvious sign, such as exhaled smoke, etc. * * *." (Emphasis sic.) The rule further provides for penalties, including a three-day, out-of-school suspension for a first time offense.
 {¶ 5} Rule 8 of the Riverside High School Code of Conduct, entitled "Use/Possession of Flame Producing Device," provides: "[t]he unauthorized use or possession of matches, lighters, or other flame producing devices or items, which are designed to cause disruption on school property, is not permitted." *Page 3 
 {¶ 6} As a result of the cigarettes and lighters discovered in his car, the school authorities decided to give Mr. Mayeux a three-day suspension, in compliance with Rules 26 and 8 of the Code of Conduct. Since it was shortly before graduation, the school authorities decided Mr. Mayeux should serve one day of his suspension in school, so he could take his examinations and graduate with his class. Since Mr. Mayeux was 18 years old, the requisite notices of intent to suspend and suspension were given to him. Mr. Thimons explained the procedural and substantive aspects of the suspension to Mr. Mayeux, as well as his right to appeal. The suspension commenced May 24, 2006.
 {¶ 7} Mr. Mayeux appealed to the board. On June 1 and June 5, 2006, hearings were held before then Assistant Superintendent James P. Kalis, as the board's designee. On June 5, 2006, Mr. Kalis affirmed the suspensions. Mr. Mayeux appealed to the Lake County Court of Common Pleas. By a judgment entry filed June 14, 2007, that court reversed the finding that Mr. Mayeux had violated Rule 8 of the Riverside High School Code of Conduct, finding no substantial, reliable, and probative evidence in the record that Mr. Mayeux' lighters were designed to disrupt the school. Otherwise, the trial court affirmed the decision of the board.
 {¶ 8} Mr. Mayeux timely noticed this appeal, assigning six errors:
 {¶ 9} "[1.] The appellee denied the appellant his right to due process of law by having no reasonable cause to detain, search or interrogate the appellant.
 {¶ 10} "[2.] The appellee denied to the appellant his right to due process of law by imposing a disciplinary suspension from school prior to affording the appellant his right to appeal the suspension. *Page 4 
 {¶ 11} "[3.] The appellee denied to the appellant his right to due process of law by imposing a three day suspension from school for an alleged violation under circumstances where the appellee has imposed discipline consisting of a verbal warning to persons similarly situated.
 {¶ 12} "[4.] The appellee denied to the appellant his right to due process of law by imposing a suspension upon the appellant which was arbitrary and excessive.
 {¶ 13} "[5.] The appellee committed error by finding that the appellant violated Rule 26 of the Student Handbook. * * *
 {¶ 14} "[6.] The appellee committed error by appointing as a hearing officer/school board designee, Mr. James P. Kalis, an Assistant Superintendent who was a member of the administrative staff of the school district and thus was incapable of serving as a neutral and detached magistrate."
 {¶ 15} Administrative appeals, including those from school boards, are governed by Revised Code Chapter 2506.
 {¶ 16} "Pursuant to R.C. 2506.04, the trial court must weigh the evidence in the record and whatever additional evidence is admitted to determine if an administrative agency's decision is supported by a preponderance of reliable, probative and substantial evidence. * * * The court must give deference to the agency's resolution of any evidentiary conflicts and, especially in areas of administrative expertise, may not blatantly substitute its judgment for the agency's. * * * In turn, this court's determination is limited to the question whether, as a matter of law, a preponderance of reliable, probative and substantial evidence exists to support the board's decision." Dawson v. *Page 5 Richmond Hts. Local School Dist. (May 16, 1996), 8th Dist. No. 69577, 1996 Ohio App. LEXIS 1973, at *9. (Internal citations omitted.)
 {¶ 17} Further, an appellate court must apply an abuse of discretion standard in such appeals. Nauth v. Sharon Twp. Bd. of ZoningAppeals (Sept. 2, 1998), 9th Dist. No. 2754-M, 1998 Ohio App. LEXIS 4068, at *4. An abuse of discretion is no mere error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. (Citations omitted.) Rather, the phrase connotes an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. Id. Therefore, "abuse of discretion" describes a judgment neither comporting with the record, nor reason. See, e.g., State v. Ferranto (1925),112 Ohio St. 667, 676-678.
 {¶ 18} By his first assignment of error, Mr. Mayeux argues Mr. Thimons never had any reason to question or search him regarding his alleged drug dealing, which was premised on the mere report of a student informant. Mr. Mayeux contends this alleged impropriety renders unconstitutional the subsequent search of his car for cigarettes, since he only admitted their existence due to the questioning about drugs.
 {¶ 19} The propriety of school searches and seizures is determined under standards promulgated in New Jersey v. T.L.O. (1985),469 U.S. 325. In re Adam (1997), 120 Ohio App.3d 364, 371.
 {¶ 20} "In determining the reasonableness of such a search, the court set forth a twofold inquiry: first, the action must be `justified at its inception'; and second, the search as actually conducted must be `reasonably related in scope to the circumstances which justified the interference in the first place.' * * *. *Page 6 
 {¶ 21} "`[A] search of a student by a teacher or other school official will be "justified at its inception" when there are reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school. Such a search will be permissible in its scope when the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction.' * * *." Adam, at 373, quoting T.L.O., at 341-342.
 {¶ 22} The search in this case was "justified at its inception": Mr. Thimons testified the student informant who reported the possibility Mr. Mayeux was dealing drugs was trustworthy. The subsequent search of Mr. Mayeux' car was justified by his own admission to having cigarettes therein. Its scope was permissible in that the search related to items Mr. Mayeux admitted would be found there.
 {¶ 23} The first assignment of error lacks merit.
 {¶ 24} By his second assignment of error, Mr. Mayeux contends his due process rights were violated when his suspension was not delayed until his appeal to the school board was heard.
 {¶ 25} R.C. 3313.66 governs the process for suspending students from school. "R.C. 3313.66 does not require a student's suspension be held in abeyance until the appeal process is completely exhausted."Dawson, at *17. In this case, Mr. Thimons testified suspensions at Riverside always commence the following day.
 {¶ 26} The second assignment of error lacks merit.
 {¶ 27} By his third assignment of error, Mr. Mayeux argues he was denied his right to equal protection under the United States Constitution. He contends school *Page 7 
policy is merely to warn adult employees if they are found with tobacco products on school grounds, and that, as an adult student, he was entitled to the same treatment.
 {¶ 28} We respectfully disagree. The two classes are clearly distinguishable: students are not employees, and thus, may be treated in a different manner for disciplinary purposes.
 {¶ 29} The third assignment of error lacks merit.
 {¶ 30} By his fourth assignment of error, Mr. Mayeux, citing to his good disciplinary record, the alleged blot on his record represented by the suspension, and the fact that, as an adult, it was perfectly legal for him to possess cigarettes off campus, argues his punishment was arbitrary and excessive.
 {¶ 31} We respectfully disagree. Rule 26 of the Riverside Code of Conduct clearly provides that, even for a first time breach of the prohibition against using or possessing tobacco on campus, a student is subject to a three-day, out-of-school suspension. In order to allow Mr. Mayeux to take his examinations and graduate, the school authorities reduced his penalty to one day of in-school suspension and two days out-of-school suspension. The penalty imposed was obviously not arbitrary, but standard; it was not excessive, but less than usual.
 {¶ 32} The fourth assignment of error lacks merit.
 {¶ 33} By his fifth assignment of error, Mr. Mayeux contends he did not possess tobacco within the meaning of Rule 26, since his cigarettes were in his car.
 {¶ 34} We respectfully disagree. The rule emphatically states that, "[u]se includes possession." (Emphasis sic.) Looking to Black's Law Dictionary (4 Ed. 1957) 1325, the trial court held, "[t]he term `possession' ordinarily implies control or custody of *Page 8 
something for one's use and enjoyment as owner." This seems reasonable. Certainly, Mr. Mayeux possessed the car and admitted the cigarettes belonged to him, and no other.
 {¶ 35} The fifth assignment of error is without merit.
 {¶ 36} By his sixth assignment of error, Mr. Mayeux objects to the board's use of Mr. Kalis, then Assistant Superintendent, as its designee for hearing his administrative appeal. Mr. Mayeux contends that Mr. Kalis, as a member of the school's administrative staff, could not act as an impartial hearings officer.
 {¶ 37} We respectfully disagree. R.C. 3313.66(E) provides, in pertinent part, that, "[a] pupil * * * may appeal the pupil's * * * suspension * * * to the board of education or to its designee." The record herein clearly establishes that Mr. Kalis was the board's designee. Nothing in the statute limits a board of education's choice in making a designee to a person outside the school administration. Nothing in the record indicates Mr. Kalis acted with anything but complete fairness and impartiality at Mr. Mayeux' hearing. Courts are without power to control the discretion vested by the legislature in boards of education by statute absent an abuse of that discretion. Cross v. Princeton CitySchool Dist. Bd. of Edn. (1989), 49 Ohio Misc.2d 1, 2. Mr. Mayeux can point to no abuse by the board herein of its discretion in appointing Mr. Kalis as its designee, nor any impropriety by him in carrying out his duties.
 {¶ 38} The sixth assignment of error lacks merit.
 {¶ 39} The judgment of the Lake County Court of Common Pleas is affirmed. *Page 9 
 DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., concur. *Page 1