[Cite as *G.M. v. Springfield Local Schools Bd. of Edn.*, 2017-Ohio-7767.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| G.M., BY AND THROUGH PARENTS AND NATURAL GUARDIANS | ) | CASE NO. 16 MA 0140 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| BOARD OF EDUCATION, SPRINGFIELD LOCAL SCHOOLS | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:          Civil Appeal from the Court of Common
                                                         Pleas of Mahoning County, Ohio
                                                         Case No. 15 CV 2229

JUDGMENT:                                       Affirmed.

APPEARANCES:

For Plaintiff-Appellant:                     Atty. Scott R. Cochran
                                                         19 E. Front St.
                                                         Youngstown, Ohio  44503

For Defendant-Appellee:                   Atty. James E. Roberts
                                                         Atty. Christine Z. Papa
                                                         Roth, Blair, Roberts, Strasfeld
                                                           & Lodge, L.P.A.
                                                         100 E. Federal Street, Suite 60o
                                                         Youngstown, OH 44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

                                                         Dated:  September 21, 2017

WAITE, J.

**{¶1}** Appellant, G.M., by and through parents and natural guardians Gregory and Jeanine Mincher, appeals from a judgment of the Mahoning County Court of Common Pleas affirming Springfield Local School District Board of Education following an administrative appeal hearing in which the Board affirmed a two-day out-of-school disciplinary suspension of Appellant. For the following reasons, Appellant's assignments of error are moot. The judgment of the trial court is affirmed.

## History and Factual Background

**{¶2}** G.M. was a junior at Springfield High School ("School") during the time of the disciplinary action at issue. On May 11, 2015, during the second semester of the school year, Appellant arrived late for school at 10:05 a.m. It was Appellant's fourth tardy for the second semester of the school year. The School Discipline Policy provides that the student has two (2) free tardy offenses per semester. On the third offense of tardiness, disciplinary action consists of an in-school detention. On the fourth offense of tardiness the disciplinary action is Saturday School detention. If a student fails to appear for Saturday School, the resulting disciplinary action is a two-day out-of-school suspension. Pursuant to the School Attendance Policy, tardiness is considered an unexcused absence and "[a]ll notes and doctor's excuses must be submitted to the office within 48 hours." (Admin. Exh. #1, p. 2.)

**{¶3}** Appellant contends a doctor's excuse was faxed to the School on May 11, 2015. The School contends that it has no such record of that fax and Appellant offered no evidence of its submission below other than a hearsay statement by the doctor that a member of his staff sent the excuse. On May 15, 2015, Appellant's

doctor did fax an excuse to the School for Appellant's May 11, 2015 tardiness. The School confirms that it received a fax from the doctor's office on that date. As the doctor's excuse was not received within 48 hours of the infraction, the School determined that Appellant had incurred his fourth incident of tardiness for the semester. Appellant was served with a Notice of Saturday School detention on May 14, 2015. The notice stated that Appellant was permitted to serve Saturday School on either May 16, 2015 or on May 23, 2015. Appellant did not serve the detention on May 16th and was given a notice on May 22, 2016 to serve the detention the following day. Appellant failed to appear for the May 23, 2016 Saturday School detention and failed to appeal from the order to serve such detention.

{¶4} On May 26, 2015, the School Assistant Principal, Anthony Albanese ("Albanese"), met with Appellant and informed him that he was to receive a two-day out-of-school suspension for failing to appear at Saturday School. At this point, Appellant filed an appeal of the two-day out-of-school suspension. Again, Appellant never appealed his Saturday School suspension.

{¶5} A hearing before the Board Appeal Hearing of Student Suspension was held on June 30, 2015, in which Albanese testified for Appellee. Appellant, Appellant's father ("Gregory Mincher") and Appellant's doctor ("Dr. Richard Wise") testified on behalf of Appellant. In Resolution No. 16-002, the Board affirmed the two-day out-of-school suspension. Appellant filed an appeal of the Board's decision with the trial court on August 20, 2015. Both parties submitted administrative appeal briefs with the trial court.

{¶6} A magistrate's decision was issued on June 24, 2016, affirming the decision of the Board and concluding that the Board's decision was supported by a "preponderance of substantial, reliable and probative evidence on the whole record." (6/24/16 Mag. Dec., p. 6.) The magistrate also concluded that the decision of the Board was "not unconstitutional, illegal, arbitrary, capricious or unreasonable." *Id.* Appellant filed objections to the magistrate's decision and Appellee filed a response. The trial court, in a judgment entry dated August 3, 2016, overruled Appellant's objections to the magistrate's decision and ordered the matter dismissed. Appellant filed the instant appeal.

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT ERRED AS A MATTER OF LAW IN UPHOLDING THE SUSPENSION AS ADMITTED HEARSAY EVIDENCE DEMONSTRATED A DOCTOR'S EXCUSE WAS SUBMITTED TO THE SCHOOL WITHIN 8 HOURS OF [G.M.'S] TARDINESS.

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO FIND THAT THE SEPTEMBER 15, 2015 EXCUSE RECEIVED BY THE SCHOOL ERASED THE UNEXCUSED TARDINESS AND, THEREFORE, A BASIS FOR THE DISCIPLINARY ACTION.

{¶7} In his first assignment of error, Appellant contends the trial court erred in not concluding Appellant's tardiness was excused based on the hearsay testimony of Dr. Wise. In his second assignment of error, Appellant contends the trial court

erred in not concluding the May 15, 2015, excuse "erased" Appellant's unexcused tardy.

{¶8} The court of common pleas reviews appeals from Boards of Education pursuant to the standard as set forth in R.C. 2506.04. The court of common pleas must affirm the board's administrative decision unless it finds the decision is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." *Id.* The appeal to the court of appeals is more limited. An appellate court is required to affirm the decision of the court of common pleas unless it concludes, as a matter of law, that the decision is unsupported by a preponderance of reliable, probative and substantial evidence. *Kisil v. Sandusky,* 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). Courts may not rewrite or amend policies of the boards of education in Ohio absent a clear abuse of discretion or violation of law. *Cross v. Princeton City School Dist. Bd. of Education*, 49 Ohio Misc.2d 1, 2, 550 N.E.2d 219 (1989). Moreover, the court of common pleas is confined to the transcript of the proceedings before the board in making its findings. R.C. 2506.01(A).

{¶9} There is a crucial preliminary issue not raised by either party on appeal. Appellant was a high school junior when the instant disciplinary issue occurred. There is no evidence that Appellant failed to move ahead to his next year of school, graduate from high school or any evidence presented that the suspension was made part of Appellant's permanent record. In fact, Appellant neither below nor here presents evidence of any damages as part of his claim. Appellant did not request an

expungement, nor did he seek monetary damages. Appellant asks only that the court find the Board policy unconstitutional.

{¶10} Recently the Eight District held that a student seeking judicial review of a school district's decision to expel him was moot and the matter was dismissed. *Burton v. Cleveland Hts.–Univ. Hts. School Dist.,* 8th Dist. No. 103415, 2016-Ohio-2841. In *Burton,* the appellate court concluded that the mootness doctrine precluded a review of the appeal, concluding that although graduation from high school does not automatically render an appeal moot, if the student's permanent record does not contain any reference to the discipline, the administrative appeal is moot. *Id.* at ¶ 12 citing, *Dreyfus v. Lakewood City Schools,* 8th Dist. No. 70004, 1996 WL 502149, *3-4 (Sept. 5, 1996). See also *Lewis v. Ohio High School Athletic Assn.,* 5th Dist. No. 2015CA00009, 2015-Ohio-3459.

{¶11} In the case *sub judice*, there is no evidence in the record that Appellant did not graduate. Moreover, there is no evidence that the two-day out-of-school suspension became part of Appellant's permanent high school record or, frankly, of any damages suffered by Appellant. "American courts will not decide * * * cases in which there is no longer any actual controversy." *In re A.G.,* 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37, quoting *Black's Law Dictionary* 1100 (9th Ed.2009). "Although a case may be moot with respect to one of the litigants, this court may hear the appeal where there remains a debatable constitutional question to resolve, or where the matter appealed is one of great public or general interest." *Id.*

**{¶12}** There exists no such issue here, as the issue presented and argued is clearly factual and does not actually raise a constitutional issue, nor is there a question that could arguably be of great public interest. Therefore, Appellant's appeal is declared moot based on the lack of any justiciable issue ripe for review.

**{¶13}** We must also note that the record reveals Appellant failed to appeal the original Saturday School suspension. As it was the failure to report for detention that lead to the suspension here, and detention was never appealed, this precludes an appeal of the subsequent two-day suspension.

**{¶14}** Based on the foregoing, we find Appellant's assignments of error to be moot. The judgment of the trial court is affirmed.

DeGenaro, J., concurs in judgment only.

Robb, P.J., concurs.