DeLong, Appellant, *v.* Bd. of Education of the
Southwest School District et al., Appellees.

(No. C-72296—Decided January 8, 1973.)

*Messrs. Latimer & Swing, Mr. George H. Kearns* of
counsel, for appellant.

*Messrs. Arnoff, Rosen & Lerner Co.,* for appellees.

Hess, P. J. This is an appeal on questions of law from
an order of the Court of Common Pleas of Hamilton Coun-
ty, granting a motion to dismiss in favor of appellees.

The record discloses that Susan Delong, appellant
herein, entered into a limited contract with the board of
education of the Southwest School District, hereafter re-
ferred to as board, to teach in that school district for the
1968-1969 school year. In April, 1969, appellant entered in-
to another limited contract with the board for a term of
three years, beginning in August, 1969, and terminating in
August, 1972.

In April, 1972, the board's superintendent recommend-
ed that the board grant appellant a continuing contract
commencing September 1, 1972. The board unanimously
voted not to follow the superintendent's recommendation
and did not approve a continuing contract at the expiration
of appellant's three year limited contract. Appellant was
notified immediately of the board's decision not to offer
her a new contract.

Thereafter, appellant filed her claim in the court of

common pleas requesting that court to review the action of the board in refusing to enter into another contract of employment. The court of common pleas granted the motion of the board to dismiss appellant's action. It is on this state of the record that this appeal was instituted.

Appellant presents four assignments of error. In assignment one appellant claims that the lower court erred as a matter of law in granting the board's motion to dismiss the appeal from the final order, adjudication, or finding of the board. Appellant argues that she was denied a right to have the board's decision reviewed by the court of common pleas under R. C. Chapter 2506. R. C. 2506.01 states:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the common pleas court of the county in which the principal office of the political subdivision is located, as provided in sections 2505.01 to 2505.45, inclusive, of the Revised Code.

"The appeal provided in sections 2506.01 to 2506.04, inclusive, of the Revised Code, is in addition to any other remedy of appeal provided by law.

"A 'final order, adjudication, or decision' does not include any order from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority and a right to a hearing on such appeal is provided; any order which does not constitute a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person; nor any order issued preliminary to or as a result of a criminal proceeding."

It is clear that the court of common pleas may not review a determination by the board which does not violate appellant's rights.

R. C. 3319.08 and 3319.11 set forth a statutory procedure whereby teachers are hired either under a limited contract for a specified number of years or a continuing contract with employment continuing until retirement, suspension, or removal for cause. A board of education is not re-

quired to re-employ a teacher at the termination of a limited contract or to grant a teacher a continuing contract subject to statutory notice of non-reemployment. This required notice was given to the appellant by the board.

The relationship between a teacher and a board of education is contractual and any legal rights to employment must be covered by the contract. There is no vested right to teach in the absence of contract. *Harrison* v. *Board of Education*, 13 Ohio Op. 182.

R. C. 3319.11 provides, in pertinent part, as follows:

"Upon the recommendation of the superintendent that a teacher eligible for continuing service status be re-employed, a continuing contract shall be entered into between the board and such teacher unless the board by a three-fourths vote of its full membership rejects the recommendation of the superintendent."

Therefore, appellant has a right to continued employment only if she was in fact re-employed by the board. The board unanimously voted not to approve the superintendent's recommendation to rehire appellant. The board exercised its statutory prerogative in refusing to renew the appellant's employment contract.

A refusal to rehire a non-tenured teacher without giving reasons is not a denial of either substantive or procedural due process of law. The failure to give reasons or grant a hearing in connection with the board's decision not to re-employ appellant is not, standing alone, constitutionally impermissible conduct. *Orr* v. *Trinter* (C. C. A. 6, 1971), 444 F. 2d 128; see, also, *Board of Regents of State Colleges* v. *Roth* (1972), 408 U. S. 564.

For these reasons, appellant has not been deprived of any right by the board's refusal to re-employ her and she is not entitled to a review by the court of common pleas as provided for in R. C. 2506.01. Therefore, assignment of error No. 1 is without merit.

In assignment of error No. 2, appellant claims that "the court of common pleas erred in ruling that the action of the appellee board of education was a 'proprietary'

function." The question before the court of common pleas was not to determine whether the board acted in a governmental or a proprietary fashion in refusing to renew the appellant's contract. Regardless of whether or not the board's action was governmental or proprietary, the appellant had no right to be rehired by the board. Appellant had no right to appeal the action of the board, in not renewing her contract, to the court of common pleas, under R. C. 2506.01. The statute specifically exempts final orders, adjudications, or decisions which do not determine appellant's rights. It follows that assignment of error No. 2 is without merit.

Assignments of error 3 and 4 present the same claim in that the lower court erred in granting the board's motion to dismiss for the reason that, under R. C. Chapter 2506, the board's action is properly reviewable and an appeal is authorized from the decision of the board not to enter into another contract with the appellant. For the reasons given in holding assignment of error No. 1 to be without merit, assignments three and four are not well taken.

It is, therefore, ordered by this court that the judgment of the Court of Common Pleas of Hamilton County be, and the same hereby is, affirmed.

*Judgment affirmed.*

SHANNON and YOUNG, JJ., concur.