MILHOAN et al., Appellants,

v.

EASTERN LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, Appellee.

[Cite as *Milhoan v. E. Local School Dist. Bd. of Edn.*, 157 Ohio App.3d 716, 2004-Ohio-3243.]

Court of Appeals of Ohio,
Fourth District, Meigs County.

No. 03CA9.

Decided June 14, 2004.

Kristen E. McKinley, for appellants.

Richard W. Ross and Nicole M. Fisher, for appellee.

PETER B. ABELE, Judge.

{¶ 1} This is an appeal from a Meigs County Common Pleas Court judgment that dismissed an appeal from the Eastern Local School District Board of Education's decision not to renew the limited two-year contract it entered into with Rhett Milhoan. The court determined that R.C. Chapter 2506 did not provide it with jurisdiction to hear an appeal from a board of education's decision not to renew a nonteaching employee's limited contract.

{¶ 2} Rhett Milhoan and the Ohio Association of Public School Employees/AFSCME Local 4, AFL–CIO, and its Local 448, plaintiffs below and appellants herein, raise the following assignment of error:

"The trial court erred in dismissing plaintiffs-appellants['] administrative appeal for lack of subject matter jurisdiction."

{¶ 3} On April 18, 2001, Milhoan signed a two-year limited contract of employment as a bus driver with the Eastern Local School District, beginning with the 2001–2002 school year. On February 19, 2003, Milhoan received a board-approved leave of absence until June 1, 2003.

{¶ 4} On March 14, 2003, Superintendent Derryl Well notified Milhoan that he would recommend that the board approve a continuing contract. Then, on March

27, 2003, the superintendent advised Milhoan that he would recommend that the board not renew Milhoan's contract. At a May 20, 2003 meeting, the board voted not to renew Milhoan's contract.

{¶ 5} On May 29, 2003, appellants filed a notice of appeal in the trial court from the board's decision not to renew Milhoan's contract. On July 8, 2003, the board filed a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction. The board asserted that no right of appeal exists from a board of education's decision not to renew a nonteaching employee's limited contract. The board essentially argued that because Milhoan did not have a right to continued employment, he did not have a valid basis to challenge its decision.

{¶ 6} Appellants contended that because Milhoan was on board-approved leave when notified of the nonrenewal, he had an expectation that upon his return from leave, he would be employed under the remainder of his limited two-year contract.

{¶ 7} On August 7, 2003, the trial court granted the board's motion to dismiss. The court concluded that the board's decision not to renew Milhoan's nonteaching contract was not appealable.

{¶ 8} Appellants filed a timely notice of appeal.

{¶ 9} In their sole assignment of error, appellants argue that the trial court erred by granting appellee's motion to dismiss. Appellants assert that because Milhoan was on board-approved leave when he was given notice of nonrenewal, the general rule that there is no property right to continued employment does not apply.

{¶ 10} Initially, we note that when ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, the trial court must determine whether the claim raises any action cognizable in that court. See *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641; *Roll v. Edwards*, 156 Ohio App.3d 227, 2004-Ohio-767, 805 N.E.2d 162, at ¶ 15. The trial court may grant the motion to dismiss only if the claim fails to raise any issue cognizable in that court. An appellate court reviewing a trial court's judgment regarding a motion to dismiss for lack of subject-matter jurisdiction must determine, as a matter of law, whether the trial court erred by holding that the claim did not state any action cognizable in that court. *Spurlock*; *Roll*.

{¶ 11} R.C. Chapter 2506 governs appeals from administrative bodies. R.C. 2506.01 specifies what is the proper subject of an administrative appeal:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as

provided in Chapter 2505. of the Revised Code, except as modified by this chapter.

" * * *

"A 'final order, adjudication, or decision' means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding."

{¶ 12} Thus, a court of common pleas may not review a board of education's decision if that decision does not violate the complaining party's rights. Cf. *DeLong v. Southwest School Dist. Bd. of Edn.* (1973), 37 Ohio App.2d 69, 66 O.O.2d 113, 306 N.E.2d 774, affirmed, 36 Ohio St.2d 62, 65 O.O.2d 213, 303 N.E.2d 890, superseded by statute; see *Kiel v. Green Local School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 149, 630 N.E.2d 716.[1]

{¶ 13} Additionally, for a decision to be appealed under R.C. 2506.01, the decision must be rendered in a quasi-judicial proceeding. *Sebest v. Campbell City School Dist. Bd. of Edn.*, Mahoning App. No. 00–CA–272, 2002-Ohio-3467, 2002 WL 1483917, at ¶ 6. "A quasi-judicial proceeding is earmarked by the requirement of notice, a hearing, and an opportunity to present evidence." *Sebest*, citing *Lakota Local School Dist. Bd. of Edn. v. Brickner* (1996), 108 Ohio App.3d 637, 644, 671 N.E.2d 578.

"Whether a proceeding is a quasi-judicial proceeding from which an appeal may be taken under R.C. 2506.01 depends upon the requirements imposed upon the administrative agency by law. * * * In other words, the question is whether there is a requirement for notice and hearing, not whether the administrative agency complied with such requirement." *In re Howard* (1991), 73 Ohio App.3d 717, 719, 598 N.E.2d 165.

{¶ 14} In *M.J. Kelley Co. v. Cleveland* (1972), 32 Ohio St.2d 150, 153, 61 O.O.2d 394, 290 N.E.2d 562, the court stated that " ' "quasi-judicial" * * * signifies that the administrative boards from which an appeal may be taken act similarly to a court, to wit, witnesses are examined, a hearing is had and a finding or decision made all in accordance with statutory authority.' " Id., quoting *Zangerle v. Evatt* (1942), 139 Ohio St. 563, 580, 23 O.O. 52, 41 N.E.2d 369 (Williams, J., concurring).

---

1. Although *DeLong* was superseded by R.C. 3319.11 and 3319.111, the above legal proposition remains valid. Moreover, R.C. 3319.11 and 3319.111 apply to teaching, as opposed to nonteaching, employees.

{¶ 15} In the case at bar, the first question presented is whether the board's decision not to renew Milhoan's nonteaching contract determined a right, duty, privilege, or benefit. In resolving the question, we first note that appellants appear to agree that a nonteaching employee holds no property right to continued employment at the end of a limited contract and therefore agree that no right of appeal exists. Appellants' argument is thus focused on whether Milhoan's leave of absence somehow stayed or tolled his two-year contract until his return and created an expectation or a right of continued employment, and whether his contract nonrenewal violated his due process rights.

{¶ 16} "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of prior hearing is paramount." *Bd. of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, 569–570, 92 S.Ct. 2701, 33 L.Ed.2d 548. When an school employee has yet to attain tenured, or continuing contract, status, that employee has no property interest in continued employment. See, generally, *Roth,* 408 U.S. at 578, 92 S.Ct. 2701, 33 L.Ed.2d 548.

{¶ 17} R.C. 3319.13 governs leave of absences for both teaching and nonteaching employees. The statute provides:

"Upon the written request of a teacher or a regular nonteaching school employee, a board of education may grant a leave of absence for a period of not more than two consecutive school years for educational, professional, or other purposes, and shall grant such leave where illness or other disability is the reason for the request. * * * * *Upon the return to service of a teacher or nonteaching school employee at the expiration of a leave of absence, the teacher or nonteaching school employee shall resume the contract status that the teacher or nonteaching school employee held prior to the leave of absence.*" (Emphasis added.)

{¶ 18} In Ohio School Law, the authors explain the above statute as follows: "Upon returning from leave under RC 3319.13, the employee has the contract status held prior to leave. *If he is not yet eligible for tenure, the board may choose not to renew his limited contract, and he is not entitled to reemployment if the required notice of nonrenewal is given.*" (Emphasis added.) Ohio School Law (2004), Section 10:47

{¶ 19} In the case at bar, upon his return from his leave of absence, Milhoan's contract status was a limited two-year contract, set to expire at the end of the 2002–2003 school year. Thus, upon his return from his leave of absence, he could expect to resume that same status. Before he returned from his leave of absence, Milhoan's contract expired, and the board properly notified him that it

would not renew his contract. We find no statute or case authority that required the board to stay or toll Milhoan's contract until his return from his leave of absence. Milhoan possessed no property interest in continued employment beyond the 2002–2003 school year. Because Milhoan did not possess a property interest in continued employment, he had no "rights" determined within the meaning of R.C. 2506.01. Thus, an appeal will not lie, and the trial court properly determined that it was without jurisdiction to entertain appellants' appeal.

{¶ 20} Appellants' argument that the board was required to comply with the termination procedures set forth in R.C. 3319.081(C) [2] is unavailing. A decision not to renew an employee's contract is not the same as terminating the employee's contract.

{¶ 21} We also disagree with appellants' arguments comparing Milhoan's case to that of cases involving teaching employees. Appellants refer to *Skilton v. Perry Local School Dist. Bd. of Edn.*, Lake App. No. 2001–L–140, 2002-Ohio-6702, 2002 WL 31744700. In *Skilton*, however, the appellate court relied heavily upon the board's noncompliance with R.C. 3319.11 and 3319.111, which apply to teaching employees, not nonteaching employees. At the time the parties submitted their appellate briefs in the case sub judice, the Ohio Supreme Court had accepted *Skilton* for review. In a recent decision that affirmed the Eleventh District's decision, the Ohio Supreme Court held in *Skilton v. Perry Local School Dist. Bd. of Edn.*, 102 Ohio St.3d 173, 2004-Ohio-2239, 807 N.E.2d 919, that "[a] teacher's medical leave of absence does not excuse a school board from complying with R.C. 3319.111." Id. at syllabus. We do not believe that the recent *Skilton* decision affects our disposition of appellants' appeal. First, *Skilton* involved a teaching employee, not a nonteaching employee. Second, the primary focus of the case involved the school's failure to comply with statutory evaluation proce-

---

**2.** {¶ a} R.C. 3319.081(C) provides:

{¶ b} "The contracts as provided for in this section may be terminated by a majority vote of the board of education. Such contracts may be terminated only for violation of written rules and regulations as set forth by the board of education or for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, or any other acts of misfeasance, malfeasance, or nonfeasance. In addition to the right of the board of education to terminate the contract of an employee, the board may suspend an employee for a definite period of time or demote the employee for the reasons set forth in this division. The action of the board of education terminating the contract of an employee or suspending or demoting him shall be served upon the employee by certified mail. Within ten days following the receipt of such notice by the employee, the employee may file an appeal, in writing, with the court of common pleas of the county in which such school board is situated. After hearing the appeal the common pleas court may affirm, disaffirm, or modify the action of the school board.

{¶ c} "A violation of division (A)(7) of section 2907.03 of the Revised Code is grounds for termination of employment of a nonteaching employee under this division."

dures that apply to teachers. Skilton recognized that if a school board complies with R.C. 3319.11 before a leave of absence, a nonrenewal could withstand scrutiny. Id. at ¶ 14. We therefore do not find *Skilton* determinative of this appeal.

{¶ 22} Additionally, the proceeding from which appellant wishes to appeal was not quasi-judicial. A board of education deciding not to renew a nonteaching employee's contract does not need to provide the nonteaching employee with a right to be heard and does not need to examine witnesses. Therefore, because such a proceeding is not quasi-judicial, the decision from that proceeding is not appealable.

{¶ 23} Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.

Judgment affirmed.

KLINE, P.J., concurs in judgment only.

HARSHA, J., dissents.