DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Meigs County Common Pleas Court judgment enjoining the Ohio Department of Public Safety (DPS), defendant below and appellant herein, from pursuing administrative or criminal prosecution against Fraternal Order of Eagles Aerie 2171 Meigs, Inc., Ohio Skill Games, Inc., and CJ Skill Games, LLC, plaintiffs below and appellees herein, arising out of the use of an electronic video machine called "Tic-Tac-Fruit."
{¶ 2} Appellant raises the following assignments of error: FIRST ASSIGNMENT OF ERROR:
"THE LOWER COURT LACKED SUBJECT MATTER JURISDICTION OVER
THE OHIO DEPARTMENT OF PUBLIC SAFETY AND ITS ENFORCEMENT AGENTS REGARDING AN ADMINISTRATIVE CITATION ISSUED TO A LIQUOR PERMIT HOLDER."
SECOND ASSIGNMENT OF ERROR:
"THE LOWER COURT ERRED IN ISSUING A PRELIMINARY INJUNCTION FINDING THE OHIO LIQUOR CONTROL COMMISSION IS NOT AN ADEQUATE ADMINISTRATIVE REMEDY FOR THE ISSUANCE OF A LIQUOR CITATION WHICH APPELLEE MUST EXHAUST BEFORE PROCEEDING WITH AN ACTION FOR DECLARATORY RELIEF."
{¶ 3} After DPS enforcement agents cited appellees for operating an electronic video gambling device, appellees filed a complaint and requested the court: (1) to declare that the Tic Tac Fruit machine is a skill-based amusement machine; (2) to declare that offering the use of the Tic Tac Fruit machine is not a violation of R.C. 2915 et seq.; and (3) to issue a preliminary and permanent injunction to enjoin DPS from seizing, impounding, or confiscating the Tic Tac Fruit machine. Appellant filed a motion to dismiss and asserted that under R.C. 4301.31 the trial court lacked subject matter jurisdiction and that appellees failed to exhaust their administrative remedies.
{¶ 4} The trial court issued a preliminary injunction and denied DPS's motion to dismiss. The court rejected the claim that appellees failed to exhaust their administrative remedies:
"[T]he evidence adduced at the preliminary injunction hearing established that on the date of the complaint, June 14, 2005[,] no administrative hearing had been held. The Court further finds that the Liquor Control Commission has indicated through its actions of continuing other cases that no hearing on the merits will occur, even though a hearing may be scheduled. The Liquor Control Commission has indicated that it will not be conducting hearings until courts of Ohio have ruled upon the machines at issue."
{¶ 5} The court found that R.C. 4301.31 did not deprive it of jurisdiction because appellees did not file their complaint against individual agents of DPS, but rather, the Department of Public Safety. This appeal followed.
 I {¶ 6} In its first assignment of error, appellant asserts that the trial court lacked jurisdiction to issue the preliminary injunction. In particular, appellant contends that only the Franklin County Common Pleas Court "has jurisdiction to restrain or compel actions of enforcement agents of DPS in the performance of their duties under Chapters 4301 and 4303 of the Revised Code."
{¶ 7} When ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, trial courts must determine whether a claim raises any action cognizable in that court. SeeState ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80,537 N.E.2d 641; Roll v. Edwards, 156 Ohio App.3d 227,2004-Ohio-767, 805 N.E.2d 162, at ¶ 15. Appellate courts review trial court judgments regarding motions to dismiss for lack of subject-matter jurisdiction as a matter of law and without deference to the trial court's decision. Spurlock; Roll;Milhoan v. E. Local School Dist. Bd. of Edn.,157 Ohio App.3d 716, 2004-Ohio-3243, 813 N.E.2d 692.
{¶ 8} In the case sub judice, appellant asserts that R.C.4301.31 deprives the Meigs County Common Pleas of jurisdiction. Appellees contend that because they did not file their complaint against any enforcement agents of the department of public safety, the statute does not deprive the trial court of jurisdiction.
{¶ 9} R.C. 4301.31 provides:
Except as provided in section 4301.28 of the Revised Code, no court, other than the court of common pleas of Franklin county, has jurisdiction of any action against the liquor control commission, enforcement agents of the department of public safety, the superintendent of liquor control, or the division of liquor control, to restrain the exercise of any power or to compel the performance of any duty under Chapters 4301. and 4303. of the Revised Code. * * *.
{¶ 10} To determine the jurisdictional issue, we must decide whether the statute intends to exclude the department of public safety but to include its enforcement agents. Thus, we must employ rules of statutory construction.
{¶ 11} The goal of statutory construction is to give effect to the legislature's intention. Cline v. Ohio Bur. of MotorVehicles (1991), 61 Ohio St.3d 93, 97, 573 N.E.2d 77, citingCarter v. Youngstown (1946), 146 Ohio St. 203, 65 N.E.2d 63, at paragraph one of the syllabus. Courts should construe words in common use in their ordinary significance and with the meaning commonly attributed to them. Eastman v. State (1936),131 Ohio St. 1, 1 N.E.2d 140, paragraph five of the syllabus. Under R.C.1.42, courts read words and phrases in context and construe them according to the rules of grammar and common usage. The accepted rules of statutory construction also require that statutes be construed in accordance with common sense and reason and not result in absurdity. State ex rel. Webb v. Board of Educ.
(1984), 10 Ohio St.3d 27, 460 N.E.2d 1121, citing Prosen v.Duffy (1949), 152 Ohio St. 139, 87 N.E.2d 342 and Crowl v.DeLuca (1972), 29 Ohio St.2d 53, 278 N.E.2d 352. When the statutory language is "plain and unambiguous and conveys a clear and definite meaning," a court need not apply rules of statutory interpretation. Meeks v. Papadopulos (1980), 62 Ohio St.2d 187,190, 404 N.E.2d 159, citing Sears v. Weimer (1944),143 Ohio St. 312, 55 N.E.2d 413, paragraph five of the syllabus.
{¶ 12} We believe that the plain meaning of R.C. 4301.31 is to provide the Franklin County Common Pleas Court with exclusive jurisdiction over claims that seek to "restrain the exercise of any power or to compel the performance of any duty under [R.C.] Chapters 4301. and 4303." In the context of the case at bar, appellant[1] can only act through its enforcement agents in seizing the machines. As appellant asserts: "[T]he only way to enjoin DPS itself is to restrain the actions of the enforcement agents who issue the administrative citations to liquor permit holders." Thus, we conclude that the trial court lacked subject matter jurisdiction in this matter and the court should have granted appellant's motion to dismiss.
{¶ 13} Accordingly, based upon the foregoing reasons we sustain appellant's first assignment of error and reverse the trial court's judgment. Our disposition of appellant's first assignment of error renders its second assignment of error moot. See App.R. 12(A)(1)(c).
JUDGMENT REVERSED.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and that appellant recover of appellees the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, P.J., Abele, J. Kline, J.: Concur in Judgment 
Opinion.
[1] Case law reveals that no court other than the Franklin County Common Pleas Court has jurisdiction over any action against the department of liquor control. See BCL Enterprises v.Dept. of Liquor Control (1997), 77 Ohio St.3d 467, 470;Blackwell, Inc. v. Dept. of Liquor Control (Dec. 26, 1996), Cuyahoga App. No. 70758.