OPINION
{¶ 1} This is an appeal by appellant, William Moore, from a judgment of the Franklin County Court of Common Pleas, sustaining the motion to dismiss filed by appellee, Franklin County Children Services ("FCCS").
 {¶ 2} On April 15, 2004, FCCS received a report of alleged sexual abuse of a minor by appellant, a respite provider, employed by Parenthesis Family Advocates *Page 2 
("Parenthesis"). The incident was alleged to have occurred while appellant was providing respite care to foster children while the foster parents were away on vacation from October 12, 2003 until October 17, 2003.
 {¶ 3} FCCS conducted an investigation of the matter, and an investigator prepared a report concluding that the minor had provided a credible account of sexual contact between appellant and the minor. The investigator submitted an "Institutional Abuse Summary," dated May 25, 2004, concluding that sexual abuse of the minor is "indicated."
 {¶ 4} In a letter to Ken Cohen, Ombudsman for FCCS, dated July 16, 2004, counsel for appellant requested that Cohen "consider this letter and the accompanying documents as a complaint/appeal regarding [the investigator's] findings in this matter." Counsel for appellant requested that "the finding of `Indicated' in this matter be changed to one of `Unsubstantiated.'"
 {¶ 5} By letter to appellant dated December 13, 2004, the director of intake and investigation for FCCS stated in part:
 I have completed my review of the investigation that was conducted from March 25 to April 15 — 2004. After talking with the service team, reviewing the report from the Fairfield County Sheriff's Office, the notes from our meeting of 11/24/04 (which included your attorney) and a thorough review of all the materials in the case record, I have arrived at a decision. Based on the information available to me, I did not find sufficient evidence to warrant a change in the original disposition of indicated sexual abuse of [the minor]. A finding of indicated versus substantiated means that there was enough evidence to strongly suggest that the incident did occur. A finding of substantiated sexual abuse is rendered if there is physical evidence, credible corroborating witnesses to the act or an admission by the alleged perpetrator. *Page 3 
Unsubstantiated sexual abuse is entered if the facts simply do not support the allegation.
 {¶ 6} On March 9, 2005, John Saros, executive director of FCCS, sent a letter to counsel for appellant, stating in part:
 Thank you for getting back to me with the information I requested. It has been reviewed. A great deal of consideration has been given this matter, however, neither the information provided at the hearing nor the additional information provided is sufficient to overcome the original finding of indicated. * * *
 {¶ 7} On April 7, 2005, appellant filed a notice of appeal to the Franklin County Court of Common Pleas, "upon the authority of R.C. § 2506.01, from the March 9, 2005 decision of the Executive Director of Franklin County Children Services determining that it was `indicated' that Appellant had sexually abused Jane Doe." The trial court scheduled a hearing for April 28, 2006, to determine whether appellant had met his burden under R.C. 2506.03 to allow additional evidence to be introduced.
 {¶ 8} The trial court filed a decision and entry on May 2, 2006, holding in relevant part:
 This matter came before the Court for an oral hearing, pursuant to R.C. 2506.03 on April 28, 2006 * * * Counsel for all parties were present.
 Instead of an oral hearing, counsel requested a status conference with the Court. At the status conference, counsel for Franklin County Children Services argued that this Court lacks jurisdiction because the investigation into sexual abuse was not a quasi-judicial proceeding, and does not need to comport with R.C. Chapter 2506. Instead, Franklin County Children Services argues that it complied with the necessary provisions, even though the parties interviewed were not under oath. Appellee also argues that the decision is not a final appealable order. *Page 4 
 Counsel for [appellant] argues his client would likely be unable to continue working as a respite care provider due to the indication of sexual abuse listed in his file. He argues that the Court does have jurisdiction over the case.
 Assuming there is jurisdiction, there are several questions remaining, however, including whether this Court has jurisdiction, and whether [appellant] is an adverse party with rights. It is unclear at this point, whether [appellant] is entitled to a hearing.
 Franklin County Children Services will file a motion to dismiss pursuant to 12(B)(1) by June 12, 2006. [Appellant] will respond by July 5, 2006, and Franklin County Children Services will reply by July 17, 2006. * * *
(Emphasis sic.)
 {¶ 9} On June 12, 2006, FCCS filed its motion to dismiss pursuant to Civ.R. 12(B)(1). In its accompanying memorandum, FCCS argued that the appeal should be dismissed on the basis that it did not constitute a final appealable order. Alternatively, FCCS asserted that the investigation by FCCS did not constitute a quasi-judicial proceeding. On July 5, 2006, appellant filed a memorandum contra the motion to dismiss.
 {¶ 10} On August 9, 2006, the trial court issued a decision sustaining the motion to dismiss of FCCS. The trial court found that the procedure under former Ohio Adm. Code 5101:2-33-04 provided appellant with the right to a hearing and notice, and, therefore, "that such a procedure constitutes a `quasi-judicial hearing' for purposes of R.C. 2506.01." The trial court further found, however, that the decision did not constitute a final order because it did not affect the legal rights, duties, or privileges of appellant. On August 22, 2006, the trial court filed a judgment entry dismissing the appeal for lack of subject-matter jurisdiction. *Page 5 
 {¶ 11} Appellant filed a timely notice of appeal from the entry of the trial court, and FCCS filed a timely cross-appeal.
 {¶ 12} On appeal, appellant sets forth the following single assignment of error for review:
 The trial court erred to the prejudice of Appellant William Moore, ("Moore"), in dismissing for lack of subject matter jurisdiction his appeal filed pursuant to R.C. § 2506.01.
 {¶ 13} In its cross-appeal, FCCS sets forth the following assignment of error for review:
 Defendant-Appellee/Cross-Appellant Franklin County Children Services assigns error to the portion of the trial court's decision wherein the trial court found that Franklin County Children Services procedures for reviewing a determination of indicated sexual abuse of a child constitute a quasi-judicial proceeding for purposes of R.C. § 2506.01.
 {¶ 14} At issue in this appeal is whether the trial court erred in granting the motion to dismiss filed by FCCS pursuant to Civ.R. 12(B)(1). In its cross-appeal, FCCS challenges the trial court's determination that the proceedings before the administrative body constituted a quasi-judicial hearing.
 {¶ 15} In ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, a trial court "must determine whether the claim raises any action cognizable in that court." Milhoan v. E. LocalSchool Dist. Bd. of Edn., 157 Ohio App.3d 716, 2004-Ohio-3243, at ¶ 10. The issue of subject-matter jurisdiction involves "a court's power to hear and decide a case on the merits and does not relate to the rights of the parties." Vedder v. City of Warrensville Hts., Cuyahoga App. No. 81005, 2002-Ohio-5567, at ¶ 14. An appellate court reviews de novo a trial court's grant or denial of a Civ.R. 12(B)(1) *Page 6 
motion to dismiss. Mellion v. Akron City School Dist. Bd. of Edn., Summit App. No. 23227, 2007-Ohio-242, at ¶ 6. In conducting its review, "a court is not confined to the allegations of the complaint and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment." Evans v. Ohio Dept. of Ins., Delaware App. No. 04 CA 80, 2005-Ohio-3921, at ¶ 17, citingSouthgate Dev. Corp. v. Columbia Gas Transmission Corp. (1976),48 Ohio St.2d 211, paragraph one of the syllabus.
 {¶ 16} R.C. 2506.01(C) limits administrative appeals to final orders, adjudications, or decisions of an agency "that determines rights, duties, privileges, benefits, or legal relationships of a person." The Ohio Supreme Court has held that "`the party appealing must have a "present" and "substantial" interest in the subject matter of the litigation and must be "aggrieved or prejudiced" by the decision.'"In re Petition for Incorporation of the Village of Holiday City (1994),70 Ohio St.3d 365, 371, quoting Ohio Contract Carriers Assn. v. Pub.Util. Comm. (1942), 140 Ohio St. 160, 161. Further, "such an interest must affect a substantial right and it must be `immediate and pecuniary, and not a remote consequence of the judgment; a future, contingent or speculative interest is not sufficient.'" Village of Holiday City, supra, at 371, quoting Ohio Contract Carriers, supra, at 161.
 {¶ 17} In the instant case, as a result of the investigation by FCCS, appellant's name was placed in a central registry. Pursuant to Ohio Adm. Code 5101:2-35-16(A), central registry information is reported regarding child abuse and neglect. Appellant argues he has been deprived of a substantial right because his ability to serve as a respite provider is in jeopardy due to his name being placed on the registry. In his *Page 7 
affidavit submitted in opposition to the motion to dismiss, appellant averred that he was a paid employee of Parenthesis, providing respite care services. Appellant averred that, as a result of the investigation and findings in the underlying action, he lost his employment as a respite provider for Parenthesis. He further averred: "[I]t is my understanding that because of the May 25, 2004 finding of `indicated abuse' by FCCS, I am not permitted to provide respite care services to any individual or agency that contracts with FCCS to provide those services." (Appellant affidavit, at ¶ 10.)
 {¶ 18} Attached to the reply brief of FCCS was the affidavit of John Shannon, the executive director of Parenthesis. Shannon stated that Parenthesis is an organization that provides social services to youth, including foster care under contract to FCCS, as well as respite services to youth in foster care. According to Shannon, appellant was hired by Parenthesis in August 1996. Shannon further averred that appellant was currently "retained by [Parenthesis] as an independent contractor and currently serves as a trainer for our company." Shannon stated that, while appellant "previously provided respite care services for foster families," he performed such services from August 1996 until approximately April 2004. However, according to Shannon, "he did so almost exclusively for the foster family of Mary Doe, the child at issue in the within action."
 {¶ 19} In the present case, the trial court found that the decision from which appellant was attempting to appeal was not a final order, adjudication or decision because it "has not affected the legal rights, duties, or privileges" of appellant. Specifically, the trial court noted that appellant "still works as an independent contractor for Parenthesis," and that there was no indication "he has attempted to provide respite care and has been denied[.]" Thus, the trial court found, because appellant was still *Page 8 
employed by Parenthesis, and there was no evidence he had applied for and been denied a respite care position following the allegations in this case, he had not demonstrated "a present pecuniary interest that has been prejudiced by the decision of FCCS."
 {¶ 20} Based upon this court's de novo review, we agree with the trial court's determination. Here, the placing of appellant's name on a confidential registry does not, as appellant suggests, per se foreclose his ability to work as a respite care worker in Franklin County or any other county in this state. Under Ohio law, the data entered into the central registry is "confidential," and the unauthorized dissemination of the contents of a central registry report constitutes a misdemeanor of the fourth degree. Ohio Adm. Code 5101:2-34-38.1(A). See, also,Cudlin v. Cudlin (1990), 64 Ohio App.3d 249, 254 (child abuse reports received by agencies are confidential). Further, the law allows limited access to the information. For instance, a public children services agency is limited to requesting and receiving information from the central registry "because it has received a report of child abuse or neglect." Ohio Adm. Code 5101:2-34-38.1(B). The law also sets forth timeframes, whereby the identifying information in the registry is automatically removed. See Ohio Adm. Code 5101:2-35-19 ("[e]xpunction of identifying information from the central registry").
 {¶ 21} As noted by the trial court, appellant is still employed by Parenthesis, and there is no indication that appellant, subsequent to the allegations in this case, applied for or was denied respite service opportunities based upon information in the central registry. Given the limited disclosure requirements, appellant's concern that he may not be able to provide respite services in the future is merely speculative, rather than direct and *Page 9 
consequential. Federal courts have recognized that "listing on a confidential registry is not an injury in itself." Battles v. The AnneArundel Cty. Bd. of Edn. (D.Md. 1995), 904 F.Supp. 471, 477. See, also,Hodge v. Jones (C.A.4, 1994), 31 F.3d 157, 165 (retention of records in confidential central registry does not implicate liberty interest where alleged loss, as set forth in the complaint, "reveals no more than a conclusory allegation of reputational injury"). Nor has appellant demonstrated, as found by the trial court, an immediate impact to his pecuniary interests by the mere placement of his name on the registry. While there may be circumstances in which the placing of a name on a central registry directly and adversely threatens a provider's employment, e.g., such as an impact on licensure, etc., appellant's purported "understanding" that his future employment opportunities working with children may be impaired is speculative and remote at best.
 {¶ 22} Accordingly, we find no error in the trial court's granting of the motion to dismiss, and appellant's assignment of error is overruled.
 {¶ 23} In light of this court's disposition of appellant's assignment of error, the issue raised in the cross-appeal of FCCS is rendered moot.
 {¶ 24} Based upon the foregoing, appellant's single assignment of error is overruled, the cross-assignment of error of FCCS is rendered moot, and the judgment of the Franklin County Court of Common Pleas dismissing appellant's appeal for lack of jurisdiction is hereby affirmed.
Judgment affirmed.
 SADLER, P.J., and FRENCH, J., concur. *Page 1