JOURNAL ENTRY AND OPINION
{¶ 1} Appellant George Jamil Elias Boutros, M.D. ("Dr. Boutros") appeals the trial court's dismissal of his complaint for lack of subject matter jurisdiction. Dr. Boutros assigns the following error for our review:
 "I. The trial court committed reversible error when it failed to stay proceedings until it received a determination from the Ohio Court of Claims regarding Defendant Stephen G. Noffsinger, M.D.'s claim for immunity under R.C. 9.86."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} Dr. Boutros is an ophthalmologist and is licensed with the Ohio State Medical Board ("the Board"). On February 24, 2005, the Board notified Dr. Boutros that it had determined that he might be unable to practice according to the acceptable and prevailing standard of care by reason of mental or physical illness. The Board ordered Dr. Boutros to submit to a mental evaluation and thereafter contracted with Stephen G. Noffsinger, M.D. ("Dr. Noffsinger") to conduct the evaluation.
 {¶ 4} On March 24, 2005, Dr. Noffsinger conducted the mental evaluation and concluded that Dr. Boutros was in good mental health. Subsequent to the initial evaluation, the Board provided Dr. Noffsinger with additional information and materials to review. After reviewing the additional information and materials, which included information from Trinity Hospital in North Dakota, Dr. Boutros's previous *Page 4 
employer, as well as information relating to an involuntary committal lasting two days, Dr. Noffsinger diagnosed Dr. Boutros with bipolar disorder.
 {¶ 5} Following Dr. Noffsinger's consideration of the additional information and materials, the Board issued a Notice of Opportunity for Hearing, wherein the Board alleged that Dr. Boutros was mentally impaired. Dr. Boutros requested a hearing. Dr. Noffsinger submitted a report and testified as an expert at the hearing regarding Dr. Boutros's mental condition.
 {¶ 6} On October 5, 2007, prior to any determination by the Board, Dr. Boutros filed a complaint in common pleas court against Dr. Noffsinger alleging several causes of action including negligence, false light, defamation and intentional infliction of emotional distress. Dr. Boutros also named University Hospitals of Cleveland as a defendant, asserting that Dr. Noffsinger was acting as an agent of the hospital in the alleged conduct.
 {¶ 7} In their respective answers, both Dr. Noffsinger and University Hospitals asserted that Dr. Noffsinger was not acting under the auspices of the hospital when the evaluation was conducted. Both Dr. Noffsinger and University Hospitals asserted that Dr. Noffsinger was engaged as an agent of the Board to evaluate Dr. Boutros, review materials, provide a report and testify as an expert at a hearing before the Board.
 {¶ 8} Thereafter, both Dr. Noffsinger and University Hospitals filed motions to dismiss Dr. Boutros's complaint for lack of subject matter jurisdiction. In their *Page 5 
respective motions, both Dr. Noffsinger and University Hospitals asserted that Dr. Boutros's cause of action had to be brought in the Court of Claims, because Dr. Noffsinger was acting as an agent for the State of Ohio when he conducted the evaluation, submitted reports, and testified before the Board.
 {¶ 9} On March 11, 2008, Dr. Boutros filed a stipulated dismissal, without prejudice, against University Hospitals. On April 17, 2008, the trial court converted Dr. Noffsinger's motion to dismiss to a motion for summary judgment, granted the motion, and dismissed the complaint for lack of subject matter jurisdiction.
 {¶ 10} On May 5, 2008, Dr. Boutros filed a complaint against Dr. Noffsinger and the Board in the Court of Claims.
 Stay of Litigation {¶ 11} In Dr. Boutros's sole assigned error, he argues the trial court erred when it failed to stay the litigation pending a determination from the Ohio Court of Claims regarding Dr. Noffsinger's claimed immunity. We disagree.
 {¶ 12} Civ. R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation.[1] The standard of review for a dismissal pursuant to Civ. R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint.[2] We review an appeal of a dismissal for lack of subject matter jurisdiction under Civ. R. 12(B)(1) de novo.[3] *Page 6 
 {¶ 13} In determining whether the plaintiff has alleged a cause of action sufficient to withstand a Civ. R. 12(B)(1) motion to dismiss, a court is not confined to the allegations of the complaint and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment.[4]
 {¶ 14} In dismissing Dr. Boutros's complaint, the trial court stated in pertinent part as follows:
 "As defendant was acting as an agent of the state regarding the evaluation and diagnosis of plaintiff, any determination of immunity from suit must be determined by the Court of Claims."[5]
 {¶ 15} Under R.C. 9.86, state employees are not liable:
 "* * * [I]n any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."
 {¶ 16} The Court of Claims has "original, exclusive jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under *Page 7 
section R.C. 9.86 and whether the courts of common pleas have jurisdiction over the civil action."[6] Therefore, courts of common pleas do not have jurisdiction to make R.C. 9.86 immunity determinations.[7]
 {¶ 17} Pursuant to R.C. 9.86 and 2743.02(F), if the Court of Claims determines that the employee was acting within the scope of employment, in furtherance of the interests of the state, the state has agreed to accept responsibility for the employee's acts.[8] In that event, only the state is subject to suit, and the litigation must be pursued in the Court of Claims.[9]
 {¶ 18} Conversely, if the Court of Claims determines that the employee's acts did not further the interests of the state, that is, the employee was acting outside the scope of his employment, maliciously, in bad faith, or in a wanton or reckless manner, the state has not agreed to accept responsibility for the employee's acts and the employee is personally answerable for his acts in a court of common pleas.[10]
 {¶ 19} In the instant case, it is undisputed from the record that Dr. Noffsinger was acting as an agent of the state when he evaluated and diagnosed Dr. Boutros. *Page 8 
The record indicates that Dr. Noffsinger was rendering medical and psychiatric services pursuant to a personal service contract with the Board. As such, any determination of immunity from the suit must be initiated in the Court of Claims.
 {¶ 20} Consequently, under the immunity provisions, the common pleas court lacks jurisdiction until the Court of Claims determines that the employee is not immune under R.C. 9.86 and that the common pleas court has jurisdiction. Dr. Boutros should have first filed his claim for monetary relief in the Court of Claims to allow that court to determine whether Dr. Noffsinger is immune under R.C. 9.86. Thus, the trial court correctly concluded that it lacked jurisdiction over the claim.
 {¶ 21} Moreover, despite Dr. Boutros's assertion that the trial court should have stayed the litigation pending a determination by the Court of Claims, the record indicates that Dr. Boutros never filed a motion to stay the litigation. Thus, Dr. Boutros has waived this issue by failing to file a motion to stay. Accordingly, we overrule the sole assigned error.
Judgment affirmed.
It is ordered that appellees recover from appellant their costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and CHRISTINE T. McMONAGLE, J., CONCUR
[1] Wash. Mut. Bank v. Beatley, 10th Dist. No. 06AP-1189, 2008-Ohio-1679.
[2] Milhoan v. Eastern Loc. School Dist. Bd. of Edn.,157 Ohio App.3d 716, 2004-Ohio-3243, at ¶ 10; State ex rel., Bush v. Spurlock (1989),42 Ohio St.3d 77, 80.
[3] Moore v. Franklin Cty. Children Servs., 10th Dist. No. 06AP-951, 2007-Ohio-4128, at ¶ 15; Newell v. TRW, Inc. (2001),145 Ohio App.3d 198, 200.
[4] White v. Bragg, 5th Dist. No. 04-CA-50,2005-Ohio-488, citing Southgate Dev. Corp. v. Columbia Gas Transm.Corp. (1976), 48 Ohio St.2d 211, paragraph one of the syllabus.
[5] Journal Entry dated April 18, 2008.
[6] Patel v. Vance, 7th Dist. No. 07 BE 16,2007-Ohio-6223. See also R.C. 2743.02(F).
[7] Johns v. Univ. of Cincinnati Med. Assocs., 101 Ohio St.3d 234,2004-Ohio-824.
[8] Conley v. Shearer (1992), 64 Ohio St.3d 284, 287,1992-Ohio-133.
[9] Id.
[10] Id. *Page 1