[Cite as *Gowdy v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 2011-Ohio-2156.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95956**

---

## JUANITA GOWDY

PLAINTIFF-APPELLANT

vs.

## CUYAHOGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-707419

**BEFORE:** Celebrezze, J., Blackmon, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**   May 5, 2011

**FOR APPELLANT**

Juanita Gowdy
1857 Rosalind Avenue
East Cleveland, Ohio   44112


**ATTORNEYS FOR APPELLEES**

William D. Mason
Cuyahoga County Prosecutor
BY:   Steven W. Ritz
Assistant Prosecuting Attorney
3955 Euclid Avenue
Room 305E
Cleveland, Ohio 44115


**ALSO LISTED:**

James Gowdy
c/o 1857 Rosalind Avenue
East Cleveland, Ohio   44112

FRANK D. CELEBREZZE, JR., J.:

{¶ 1}   Appellant, Juanita Gowdy, appeals the November 13, 2010 trial court judgment granting the motion for judgment on the pleadings filed by appellee, Cuyahoga County Department of Children and Family Services ("CCDCFS").   We affirm.

{¶ 2}   Appellant was a state licenced Type-B day care provider through the Cuyahoga County Department of Employment and Family Services

("EFS"). After appellant became a licensed day care provider, the licensing rules changed, and EFS was mandated to conduct a review of child welfare records pursuant to O.A.C. 5101:2-14-06(C)(1). The statutorily mandated review showed that appellant had been previously accused of child neglect on five separate occasions. Specifically, the CCDCFS database indicated that the reports of prior neglect brought against appellant were "substantiated" on two separate occasions and "indicated" on three separate occasions.[1] As a result of the findings, EFS revoked appellant's Type-B day care license on May 8, 2007. Appellant did not appeal to the common pleas court from the 2007 decision to revoke her day care license.

{¶ 3} Subsequently, in 2009 appellant reapplied for day care license certification; however, the application for certification was denied by EFS. On April 7, 2009, a county appeal review hearing was held to assess the merits of appellant's renewed application. On April 20, 2009, the administrative review officers upheld the denial of appellant's reapplication for a day care license pursuant to O.A.C. 5101:2-14-02(A)(4), which states that "[t]he EFS shall deny an application if it determines that, within the last five years, the applicant was certified as a limited or professional provider and that his or her certificate was revoked in Ohio or in another state * * *."

---

[1] The reports of neglect were "substantiated" on October 4, 1990 and again on January 30, 1997. Additionally, reports of neglect were "indicated" on November 27, 1995, July 18, 1996, and

In upholding the denial of appellant's day care license, the hearing officials determined that appellant was not eligible to reapply for a day care license until five years after her revocation date, which would not occur until May 8, 2012.

{¶ 4} On May 19, 2009, appellant appealed the April 20, 2009 EFS decision to the common pleas court in *Gowdy v. Cuy. Cty. Dept. of Emp. & Family Serv.* (2009), Cuyahoga C.P. No. CV-09-693196. The appeal was dismissed by the trial court for being "premature as a matter of law." The court explicitly stated that appellant was not eligible to reapply for day care certification until May 8, 2012. Appellant did not appeal this decision.

{¶ 5} On October 21, 2009, appellant commenced an action requesting declaratory judgment and other equitable relief against CCDCFS. Specifically, appellant demanded a declaratory judgment that "no neglect has ever been substantiated or indicated within the legal system, and that such allegations are incorrect, and equitable relief by means of an order requiring CCDCFS and all other parties containing this false information, to correct their records accordingly, and to delete such mention from any reports, and for such other relief deemed just and equitable."

{¶ 6} On June 15, 2010, CCDCFS filed a motion for judgment on the pleadings; appellant did not oppose the filing. The court granted the motion

May 8, 1998.

on October 30, 2010 and stated: "Defendant Cuyahoga County Department of Children and Family Services' Motion for Judgment on the Pleadings, filed 06/15/2010, is unopposed and granted. The court lacks subject matter jurisdiction to consider plaintiff's claim for declaratory relief." This appeal followed the dismissal of appellant's complaint for declaratory judgment.

{¶ 7} Appellant raises four issues in her brief for our review:

{¶ 8} "1. Did [EFS] err in its judgment in upholding the May 8, 2007 revocation of [appellant's] certification as a Type-B child care provider?

{¶ 9} "2. Did [EFS] err in failing to properly investigate accusations of child abuse and negligence [sic] in [appellant's] home?

{¶ 10} "3. Did [EFS] willingly uphold erroneous evidence against [appellant] because of their failure to properly investigate accusations brought against [her] which led to the May 8, 2007 revocation of [her] certification as a Type-B child care provider?

{¶ 11} "4. Did the [CCDCFS] knowingly and with malicious intent, misconstrue and present false evidence against [appellant], which led to the May 8, 2007 revocation of [her] certification as a Type- B child care provider?"

{¶ 12} Based on appellant's listed issues, it appears that appellant, filing this appeal pro se, is attempting to retroactively appeal the 2007 revocation of her day care license by EFS. However, EFS is not a party to the underlying complaint for declaratory judgment, and this court may not review issues

raised in appellant's brief that go beyond the complaint filed against CCDCFS. The underlying complaint sought declaratory judgment against CCDCFS based on its investigatory findings of "substantiated" and "indicated" neglect against appellant, and the trial court dismissed the action for lack of subject matter jurisdiction. Accordingly, we will only review the ruling of the trial court and determine whether it erred in dismissing appellant's motion for declaratory judgment for lack of subject matter jurisdiction.

## Law and Analysis

### Declaratory Judgment

{¶ 13} Civ.R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. A "court has subject matter jurisdiction over a case if the court has the statutory or constitutional power to adjudicate that case." *Garrett v. Columbus*, Franklin App. No. 10AP-77, 2010-Ohio-3895, ¶13, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶11. The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint. *Milhoan v. E. Loc. School Dist. Bd. of Edn.*, 157 Ohio App.3d 716, 2004-Ohio-3243, 813 N.E.2d 692, ¶10; *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641. We review an appeal of a dismissal for lack of subject matter

jurisdiction under Civ.R. 12(B)(1) de novo. *Boutros v. Noffsinger*, Cuyahoga App. No. 91446, 2009-Ohio-740, ¶12.

**{¶ 14}** Appellant requested relief as follows: "Plaintiff demands a Declaratory Judgment that no 'neglect' has ever been 'substantiated' or 'indicated' within the legal system, that such allegations are incorrect, and equitable relief by means of an order requiring Defendant to correct its records accordingly, and to delete all such mentions from any reports, and for such other relief as is just and equitable." A declaratory judgment is a judgment in a civil case that declares the rights, status, or other legal relations of a party in a dispute. R.C. 2721.02(A).

**{¶ 15}** Appellant's motion for declaratory judgment is merely an appeal of CCDCFS's findings of "substantiated" and "indicated" neglect. *Concerned Citizens of Spring Valley v. Spring Valley Twp. Bd. of Zoning Appeals*, Greene App. No. 01 CA 0059, 2002-Ohio-540 ("The action authorized by R.C. 2506.01 is in the nature of an action for declaratory judgment."). Appellant's right to appeal the investigatory findings of CCDCFS in the county common pleas court is governed by R.C. 2506.01, which states that "* * * every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the common pleas court of the county in which the principal office of the political subdivision is located as provided in Chapter

2505. of the Revised Code. * * *." R.C. 2506.01. As used in this chapter, "final order, adjudication, or decision" means an "order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person." Id.

{¶ 16} In *Ferren v. Cuyahoga Cty. Dept. of Children & Family Servs.*, Cuyahoga App. No. 92294, 2009-Ohio-2359, the county department of children and family services sent a letter to appellant that stated that an "indicated" report of sexual abuse of a child had been filed against him. Thereafter, appellant filed a notice of administrative appeal with the common pleas court pursuant to R.C. 2506.01. In particular, appellant challenged the merits of CCDCFS's dispositional finding of "indicated" abuse. In response, CCDCFS filed a motion to dismiss for lack of subject matter jurisdiction. The motion was unopposed and granted by the trial court. On appeal, this court recognized that CCDCFS's finding of "indicated" abuse, in and of itself, did not determine appellant's rights, privileges, benefits, or other legal relationships. Therefore, the court lacked subject matter jurisdiction to address his appeal. Id.

{¶ 17} The Ohio Supreme Court has held that "'the party appealing must have a "present" and "substantial" interest in the subject matter of the litigation and must be "aggrieved or prejudiced" by the decision.'" *In re Petition for Incorporation of the Village of Holiday City*, 70 Ohio St.3d 365,

371, 1994-Ohio-405, 639 N.E.2d 42, quoting *Ohio Contract Carriers Assn. v. Pub. Util. Comm.* (1942), 140 Ohio St. 160, 161, 42 N.E.2d 758. "Such an interest must affect a substantial right and it must be 'immediate and pecuniary, and not a remote consequence of the judgment; a future, contingent or speculative interest is not sufficient.'" *Village of Holiday City*, supra, at 371, quoting *Ohio Contract Carriers*, supra, at 161.

{¶ 18} Appellant failed to establish a present and identifiable intrusion on her rights as a result of the registry information. As stated in *Ferren*, this court has held that "a listing on a confidential registry is not an injury in itself." *Ferren*, citing *Battles v. Anne Arundel Cty. Bd. of Edn.* (D.Md.1995), 904 F.Supp. 471, 477. Despite appellant's argument to the contrary, we find that the 2007 revocation of her day care license does not constitute a present intrusion on her rights. On May 19, 2009, the common pleas court held that appellant is not eligible to reapply for child care licensure until May 8, 2012. As such, appellant has no right to a child care license until that date.

{¶ 19} We note that appellant had the opportunity in 2007 to appeal EFS's initial revocation of her Type-B day care license in the common pleas court pursuant to R.C. 2506.01. However, appellant waived her right to appeal in that action, and she cannot use the motion for declaratory judgment as an attempt to retroactively appeal the 2007 revocation of her license. Had appellant appealed the revocation of her license by EFS at that time, the

common pleas court would have had jurisdiction to review the issue, and she could have challenged the revocation on the basis that the findings of neglect were unsupported by reliable, probative, and substantial evidence.

**{¶ 20}** Accordingly, the trial court did not have subject matter jurisdiction to review the investigatory findings of CCDCFS and properly granted CCDCFS's motion on the pleadings.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
EILEEN A. GALLAGHER, J., CONCUR