NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1029

GERSH KORSINSKY,

Plaintiff-Appellant,

v.

Jon W. Dudas, DIRECTOR, PATENT AND TRADEMARK OFFICE,

Defendant-Appellee.

Gersh Korsinsky, of Brooklyn, New York, pro se.

John M. Whealan, Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Arlington, Virginia, for defendant-appellee. With him on the brief were Mary L. Kelly and Joseph G. Piccolo, Associate Solicitors.

Appealed from: United States District Court for the Southern District of New York

Judge Denise Cote

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1029

GERSH KORSINSKY,

Plaintiff-Appellant,

v.

Jon W. Dudas, DIRECTOR, PATENT AND TRADEMARK OFFICE,

Defendant-Appellee.

DECIDED:  April 5, 2007

Before SCHALL, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and GAJARSA, <u>Circuit Judge</u>.

PER CURIAM.

DECISION

Gersh Korsinsky is the owner of U.S. Patent No. 4,736,447 ("the '447 patent"), covering a "video computer."  After his patent expired for failure to timely pay maintenance fees, Mr. Korsinsky filed a petition to reinstate the patent, which was denied by the United States Patent and Trademark Office ("PTO").  Subsequently, Mr. Korsinsky filed an untimely request for reconsideration of that decision.  The PTO

denied the motion for reconsideration because it was untimely and because it failed to show the required unavoidable delay in paying the maintenance fees. Mr. Korsinsky then filed suit against Jon W. Dudas ("Director"), the Director of the PTO, in the United States District Court for the Southern District of New York, seeking relief under the Administrative Procedure Act ("APA") and other statutory and constitutional provisions. In due course, the district court granted the Director's motion for summary judgment on the APA claim. Korsinsky v. Dudas (Trial Court Decision), No. 05-CV-2791, slip op. at 10 (S.D.N.Y. Sept. 22, 2005). The district court dismissed the remaining claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief could be granted. Id. at 11-15. Mr. Korsinsky now appeals to this court.[1] We affirm.

DISCUSSION

I.

The '447 patent issued on August 26, 1985, with a maximum term of seventeen years from that date. Under 35 U.S.C. § 41(b), to maintain the patent's validity, Mr. Korsinsky was required to pay maintenance fees to the PTO at three-and-a-half-, seven-and-a-half-, and eleven-and-a-half-year intervals from the date of issue. The statute includes a six-month grace period after each of those dates, during which the owner of the patent may make the required payments and maintain a patent's validity. Mr. Korsinsky failed to make the first required maintenance payment at the required

---

[1] Mr. Korsinsky originally appealed to the United States Court of Appeals for the Second Circuit, but the case was transferred to this court because it arises under 28 U.S.C. § 1338. See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 829 (2002); Star Fruits S.N.C. v. United States, 393 F.3d 1277, 1281 (Fed. Cir. 2005); see also 28 U.S.C. § 1295(a)(1).

three-and-a-half-year mark and during the grace period.  See Trial Court Decision, at 2-3.  Therefore, on April 6, 1992, after the grace period for the three-and-a-half-year maintenance fee had expired, the '447 patent expired.  See 36 U.S.C. § 41(b).

On April 29, 2004, Mr. Korsinsky filed a petition seeking to have the '447 patent reinstated.  Trial Court Decision, at 2.  Mr. Korsinsky explained that he had failed to pay the maintenance fee was because "the notice of maintenance fee was not received."  Id.  On May 17, 2004, the PTO dismissed Mr. Korsinsky's petition because the lack of receipt of the reminder was not sufficient to show unavoidable delay and because Mr. Korsinsky had not included the now due seven-and-a-half- and eleven-and-a-half-year maintenance fees.  Id. 2-3.  The PTO informed Mr. Korsinsky that he could either file a request for reconsideration, containing information proving that the delay in paying the fee was unavoidable, or he could request a refund of the three-and-a-half-year maintenance fee he had included with his petition.  Id. at 3.  The PTO also informed Mr. Korsinsky that any request for reconsideration had to be filed within two months.  Id.  On June 1, 2004, Mr. Korsinsky requested the refund.  Id.

Thereafter, on September 8, 2004, Mr. Korsinsky filed an untimely request for reconsideration.  Id.  In the request, Mr. Korsinsky stated that he had been unable to pay the maintenance fees because all of his assets were under joint control with his wife and she had refused to permit him to pay the fees.  Id.  The request included all past-due maintenance fees.  Id. at 4.

The Commissioner of the PTO requested evidence from Mr. Korsinsky "to establish that the instant petition should not be dismissed as untimely."  Id.  Mr. Korsinsky responded that he had not received the maintenance fee reminder, his wife

had prevented him from paying the fees, and he did not want to publicize "family secrets." Id. Mr. Korsinsky included a copy of an agreement between himself and his wife that "[a]ll future investment and like will be by joint agreement and authorization only." He also included three affidavits from his wife, in which she stated that she had previously opposed paying the maintenance fees but now authorized their payment. Id. at 4-5. On February 15, 2005, the Commissioner denied Mr. Korsinsky's request for reconsideration as both untimely and meritless. Id. at 5.

Mr. Korsinsky then filed suit against the Director in the United States District Court for the Southern District of New York under the APA, seeking reversal of the PTO's decision. Mr. Korsinsky also included claims under the Takings Clause of the Fifth Amendment, the Paperwork Reduction Act, the Privacy Act, and The Freedom of Information Act. As noted, the district court granted the Director's motion for summary judgment on the APA claim. Id. at 10. At the same time, the district court dismissed the remaining claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief could be granted. Id. at 11-15. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

II.

We review the district court's grant of summary judgment and dismissal for failure to state a claim de novo. Star Fruits, 393 F.3d at 1281 (summary judgment); Univ. of W. Va. Bd. of Trs. v. Vanvoorhies, 278 F.3d 1288, 1295 (Fed. Cir. 2002) (failure to state a claim). Under the APA, we only "hold unlawful and set aside agency action . . . found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2); Star Fruits, 393 F.3d at 1281.

Mr. Korsinsky's main argument on appeal is that the PTO has designed a system with tricks and traps that duped him into disclosing his invention and paying substantial sums only to have his invention later confiscated. He argues that this system violates Article I, Section 8, clause 8 of the United States Constitution, which grants Congress the power "[t]o promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries."

We agree with the district court that the maintenance fees and the patent system put in place by Congress and the PTO do not conflict with the Constitution. Congress has mandated the maintenance fees, and the PTO has properly enforced that requirement. See 35 U.S.C. § 41; 37 C.F.R. § 1.378(b). Moreover, we see no error in the ruling of the district court that Mr. Korsinsky failed to meet his burden of showing that the delay in filing his motion for reconsideration was unavoidable. Trial Court Decision, at 9. As the district court pointed out, the Commissioner offered several grounds to deny Mr. Korsinsky's motion: it was undisputedly two months late; he failed to include the agreement with his wife with his original filing; and he failed to prove the agreement's authenticity or how the agreement actually prevented him from paying the maintenance fees. Id. at 9-10. We agree with the district court that in light of this evidence, the Commissioner's decision is not arbitrary or capricious.

III.

As for Mr. Korsinsky's claims under the Takings Clause of the Fifth Amendment, the Paperwork Reduction Act, the Privacy Act, and The Freedom of Information Act, we

have reviewed Mr. Korsinsky's various arguments and have found them to be without merit.  The district court did not err in dismissing those claims.

For the forgoing reasons, the judgment of the district court is affirmed.