OPINION
{¶ 1} Plaintiff-appellant, TattleTale Portable Alarm Systems, Inc. ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas dismissing its complaint for lack of subject-matter jurisdiction.
 {¶ 2} Appellant filed its complaint against defendants-appellees, Calfee, Halter and Griswold LLP ("Calfee law firm"), the Griffith Law Firm, A.P.C. ("Griffith law firm"), Thomas E. O'Connor, Jr., Joan N. Drew, Robert E. Lech, and Lisa M. Griffith (collectively *Page 2 
"appellees"), alleging legal malpractice. Specifically, appellant alleges that appellees failed to ensure that maintenance fees were paid to the United States Patent and Trademark Office ("USPTO"), resulting in the loss of a "crucial" patent, and thereby causing appellant to incur substantial money damages, including loss of a multi-million dollar contract with one of appellant's customers.
 {¶ 3} Appellant is a manufacturer of wireless portable alarm systems for both home and business use. Appellant asserts it developed an alarm system that operates without any wires or telephone lines sometime in the 1990's, and obtained six proprietary patents to protect its technology. The patent at issue here, known as "the `180 patent" was obtained in December 1998. Though appellant owns other patents pertaining to its alarm system, [1] appellant asserts the `180 patent is the only patent that specifically protects the unique use of cellemetry, which is the technology through which appellant's proprietary system sends the alarm message.
 {¶ 4} According to appellant, the Griffith law firm was hired in 2003 to handle appellant's patent matters, but appellant was never advised that the maintenance fees for the `180 patent had not been paid. In 2004, appellant retained the Calfee law firm to monitor its patents, and although the firm discovered other patent maintenance fees had not been paid, appellant was not advised about the lack of maintenance fees for the `180 patent until August 2005. According to appellant, the Calfee law firm did not make any efforts to seek revival of the patent and, instead, terminated its relationship with appellant in September 2005. *Page 3 
 {¶ 5} Appellant had an agreement with Black and Decker, Inc. ("Black and Decker"), providing that appellant would maintain all the requisite patents, including the `180 patent. The agreement also provided that Black and Decker was granted a license to manufacture certain wireless alarm systems. However, because the maintenance fees for the `180 patent were not paid, appellant asserts Black and Decker found appellant to be in breach of their agreement and terminated the same. Thus, appellant contends that, without the `180 patent, it lost a multi-million dollar license agreement with Black and Decker.
 {¶ 6} Appellees argued to the trial court that it lacked subject-matter jurisdiction because appellant's professional negligence claim, and each of its key elements, depend on the interpretation of federal patent law that, pursuant to 28 U.S.C. 1338(a), is exclusively within the purview of federal district courts. The trial court agreed and found the issues presented herein could not be resolved without reference to and construction of federal patent laws and regulations, which pursuant to 28 U.S.C. 1338(a), confers exclusive jurisdiction to the federal district courts. Therefore, the trial court granted appellees' motion to dismiss for lack of subject-matter jurisdiction.
 {¶ 7} Appellant appeals and brings the following assignment of error for our review: "The trial court erred in granting Defendants' Joint Motion to Dismiss for Lack of Subject matter Jurisdiction."
 {¶ 8} We note initially that appellant sets forth that appellees' motion to dismiss is merely an attempt of appellees to remove this action to federal court after having missed their time to do so "due to their negligence." (Appellant's brief, at 14.) However, while the statutory right of removal of a case from state to federal court is a right that can be *Page 4 
waived, Regis Assoc. v. Rank Hotels, Ltd. (C.A.6, 1990), 894 F.2d 193,195, subject-matter jurisdiction cannot be waived and, therefore, can be raised at any time during the proceedings. State ex rel. Wilson-Simmonsv. Lake Cty. Sheriff's Dept. (1998), 82 Ohio St.3d 37, 40, citing In reByard (1996), 74 Ohio St.3d 294, 296. Thus, even if appellant was correct in asserting appellees were negligent in failing to timely remove this matter to federal court, it is of no consequence since subject-matter jurisdiction cannot be waived.
 {¶ 9} Civ. R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. The standard of review for a dismissal pursuant to Civ. R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint.Guillory v. Ohio Dept. of Rehab. Corr, 10th Dist. No. 07AP-861,2008-Ohio-2299, at ¶ 6, citing Milhoan v. E. Loc. School Dist. Bd. ofEdn., 157 Ohio App.3d 716, 2004-Ohio-3243, at ¶ 10. We review an appeal of a dismissal for lack of subject-matter jurisdiction under Civ. R. 12(B)(1) de novo. Id., citing Moore v. Franklin Cty. ChildrenServs., 10th Dist. No. 06AP-951, 2007-Ohio-4128, at ¶ 15. A trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction under Civ. R. 12(B)(1), and it may consider pertinent material without converting the motion into one for summary judgment. Id., citing Southgate Dev. Corp. v. Columbia Gas TransmissionCorp. (1976), 48 Ohio St.2d 211, paragraph one of the syllabus.
 {¶ 10} To establish a cause of action for legal malpractice under Ohio law, a plaintiff must establish the following elements: (1) an attorney-client relationship giving rise to a duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach. Vahila v.Hall (1997), 77 Ohio St.3d 421. *Page 5 
 {¶ 11} The United States Code provides that "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases."28 U.S.C. 1338. In Christianson v. Colt Industries Operating Corp. (1988),486 U.S. 800, 108 S.Ct. 2166, the United States Supreme Court held that Section 1338 jurisdiction extends "only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." Id. at 808-09. This two-part test requires a determination of whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable SonsMetal Prod. v. Darue Eng. Mfg. (2005), 545 U.S. 308, 314,125 S.Ct. 2363, 2368.
 {¶ 12} In determining whether patent jurisdiction exists in a given case, the United States Supreme Court has instructed that "arising under" jurisdiction "`must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.'"Christianson, 486 U.S. at 809 (quoting Franchise Tax Bd. of Cal. v.Constr. Laborers Vacation Trust (1983), 463 U.S. 1, 10, 103 S.Ct. 2841,2846. "Thus, a case raising a federal patent-law defense does not, for that reason alone, `arise under' patent law, `even if the defense is anticipated in the *Page 6 
plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.'" Id. (quotingFranchise Tax Bd. of California, 463 U.S. at 14).[2]
 {¶ 13} Appellant contends its complaint only tangentially relates to patents and does not arise under federal patent law. According to appellant, this matter does not involve patent infringement, comparison of patent applications, or scope of a particular patent; therefore, federal patent law is not a substantial and necessary element. SeeImmunocept, LLC v. Fulbright Jaworski, LLP (C.A.F.C. 2007),504 F.3d 1281. Thus, contrary to the trial court's finding, appellant contends neither the standard of care, nor the determination of damages, implicates federal patent law.
 {¶ 14} In contrast, it is appellees' position that each of the key elements of appellant's professional negligence claim, i.e., duty, breach of duty, causation and damages, turn on interpretation of federal patent law. Because the standards for the reinstatement/revival of patents are governed by USPTO regulations and Manual of Patent Examining Procedures ("MPEP") guidelines, appellees contend federal patent law is required to be construed to determine whether appellees breached any duty. Moreover, appellees contend damages based on potential royalties from the licensed products cannot be determined without an analysis of the underlying patents because patent scope is required for any damage calculation. *Page 7 
 {¶ 15} It is axiomatic that legal malpractice is a state-law claim; therefore, our inquiry is whether appellant's complaint satisfies the second part of Christianson. We conclude that it does as it involves substantial questions of federal patent law.
 {¶ 16} In Immunocept, supra, the plaintiff filed a legal malpractice action based on alleged errors in patent prosecution. Though both parties in Immunocept agreed there was Section 1338 jurisdiction over the malpractice claim, the court, relying on its inherent authority to determine jurisdiction over an appeal, addressed the issue of Section 1338 jurisdiction sua sponte.
 {¶ 17} The Immunocept court first looked to Christianson's holding that Section 1338 jurisdiction extends to any case in which a well-pleaded complaint established either that federal patent law creates a cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, such that patent law is a necessary element of one of the well-pleaded claims. In finding Section 1338 jurisdiction to be present in its case, the court noted the following:
 Claim scope determination is a question of law that can be complex in that it may involve many claim construction doctrines. Litigants will benefit from federal judges who are used to handling these complicated rules. Additionally, Congress' intent to remove non-uniformity in the patent law, as evidenced by its enactment of the Federal Courts Improvement Act of 1982, Pub.L. No. 97-164, 96 Stat. 25, is further indicium that § 1338 jurisdiction is proper here.
(Internal citations omitted.) Id. at 1285-86, citing Grable, supra, at 315.
 {¶ 18} While Immunocept noted that claims for patent infringement, comparison of patent applications, and patent scope, involve a substantial question of federal patent law and confer Section 1338 jurisdiction, it did not hold, despite appellant's assertion to the contrary, that these are the only claims that confer such jurisdiction. *Page 8 
 {¶ 19} Appellant explains in its brief and in its complaint that, if a maintenance fee for a patent is not timely paid, the USPTO allows for time periods to revive patents. According to appellant, a patent owner may pay a surcharge anytime during the year following the six-month period to pay maintenance fees, and there is an additional two-year period to pay the fee upon a demonstration that the failure to pay the maintenance fee was unintentional. If the patent is not revived during the three-year period after the maintenance fee was due, the patent owner must establish the failure to pay the fee was unavoidable, which is a "nearly impossible standard to establish." (Appellant's brief, at 3.) Obviously, whether or not the patent had lapsed, and whether or not revival/reinstatement should have been sought, require the construction and interpretation of federal patent law.
 {¶ 20} Also, damages in the case sub judice cannot be determined without a determination of patent scope. As appellant states in its complaint, the `180 patent is part of a larger family of patents. While some of these patents have lapsed, others have not. The overlap and interplay between these patents and the `180 patent has yet to be determined. Though appellant suggests one can conduct a simple breach of contract analysis to determine damages, we find one must explore the scope of the patents to determine what royalties were lost under the terminated licensing agreement with Black and Decker. Therefore, the determination of potential royalties cannot be established without the construction and interpretation of federal patent law.
 {¶ 21} Moreover, while we are not aware of, nor were we provided with, any case directly on point, we find Korsinsky v. Dudas (C.A.F.C. 2007), 227 Fed. Appx. 891, instructive. In Korsinsky, the plaintiff's patent expired for failure to timely pay maintenance *Page 9 
fees. A petition to reinstate the patent was denied by the USPTO, as was the plaintiff's request for reconsideration of that decision. The plaintiff then filed suit against the Director of the USPTO seeking relief under the Administrative Procedure Act and other statutory and constitutional provisions. The district court granted the defendant's motion for summary judgment and the plaintiff appealed. The Federal Circuit Court stated in footnote 1, "[the plaintiff] originally appealed to the United States Court of Appeals for the Second Circuit, but the case was transferred to this court because it arises under28 U.S.C. 1338." (Citations omitted.) We similarly conclude that a case involving the failure of a patent owner to pay maintenance fees falls within exclusive federal jurisdiction,
 {¶ 22} In conclusion, we find appellant's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims. As such, we find that pursuant to 28 U.S.C. 1338, this action is within the exclusive jurisdiction of the federal district courts, and the trial court did not err in granting appellees' motion to dismiss for lack of subject-matter jurisdiction.
 {¶ 23} For the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
FRENCH, P.J., and TYACK, J., concur.
[1] The other patents are the `701 patent, the `157 patent, the `551 patent and patent numbers 6,049,273 and 6,441,731 B1.
[2] As the United States Supreme Court noted in footnote 3 ofChristianson, "[o]n the other hand, merely because a claim makes no reference to federal patent law does not necessarily mean the claim does not `arise under' patent law. Just as `a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint,' Franchise Tax Board, supra, 463 U.S., at 22,103 S.Ct., at 2853, (citations omitted); see Federated Department Stores, Inc. v.Moitie, 452 U.S. 394, 397, n. 2, 101 S.Ct. 2424, 2427, n. 2,69 L.Ed.2d 103 (1981); id., at 408, n. 3 (BRENNAN, J., dissenting), so a plaintiff may not defeat § 1338(a) jurisdiction by omitting to plead necessary federal patent-law questions." *Page 1